**DOWNEY STATE BANK, Plaintiff and Respondent,**

v.

**MAJOR–BLAKENEY CORPORATION, a corporation, Joseph L. Krofcheck, Defendants and Appellant,**

Franklin D. Richards and Company, and Richard W. Ringwood, Intervenors.

No. 14031.

Supreme Court of Utah.

Jan. 26, 1976.

Don R. Strong, Springville, for Krofcheck.

Grant Macfarlane, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for Richards.

Nick J. Colessides and Carl J. Nemelka of Nemelka & Colessides, Salt Lake City, for Ringwood.

Scott H. Clark and George D. Melling, Fabian & Clendenin, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Dr. Joseph L. Krofcheck, a California resident, appeals attacking the trial court's refusal to grant his motion to set aside a default foreclosure on two mortgages covering lands in Summit County. He contends: (1) that the court did not acquire jurisdiction because (a) the plaintiff's affidavit was insufficient to justify an order to publish summons[1]; and (b) that no diligent search and inquiry was in fact made; (2) that the summons as published was defective, and (3) that the motion should have been granted on equitable grounds. The land in question, part of the Park City West ski development, was purchased in 1967 by Major-Blakeney Corporation, a California corporation. It executed two mortgages as security for payment of the purchase price. They were later assigned to the plaintiff, Downey State Bank, of Downey, Idaho. The mortgages were in default in May 1971 and a one year's forbearance was granted. The last payment of interest was made in February 1972. Several months later, in October 1973, this action to foreclose was commenced. The bank then discovered that Major-Blakeney Corporation had ceased doing business in Utah and that its interest in the land had been transferred to Dr. Krofcheck, as trustee for undisclosed California investors.

The facts as recited herein are set forth in affidavits filed on behalf of the respective parties. In attempting to obtain services, plaintiff's attorney contacted the last registered Utah agent of Major-Blakeney Corporation and obtained the most recent address of Dr. Krofcheck. The Los Angeles County deputy sheriff found that he had moved and that the new occupant did not know where to. Upon the basis of these and other facts alluded to below set forth in an affidavit, in accordance with Rule 4(f), U.R.C.P., an order was obtained for the publication of summons which was done.

Defendants made no appearance. Upon default, a decree of foreclosure was entered March 4, 1974, and the land was sold at sheriff's sale April 9, 1974. On October 2, 1974, a week before the six-month redemption period would expire, defendant Krofcheck made what he characterized as a special appearance and moved to vacate the decree; and also to extend the redemption period for an additional six months. The court granted the extension, which

1. Rule 4(f), U.R.C.P.

was in effect during the time the parties prepared and presented their documentation and arguments concerning the motions. Five months later, on March 3, 1975, the court denied the motion to set aside the decree and four days later vacated the order extending the redemption.

■ Concerning the sufficiency of the plaintiff's affidavit of jurisdictional facts: We recognize that such an affidavit is not sufficient if it states mere conclusions as to diligent search and inquiry. It must set forth facts upon which the court can base a judgment as to whether such diligence has been exercised to meet that requirement.[2] But when he has done so, his judgment thereon is entitled to the same presumptions of verity as other judicial determinations.[3]

■ It is true that the plaintiff did not exhaust all possibilities pointed out by the defendant that it appears by hindsight might have been used as a means of finding and serving him. But that is not what is required. The requirement is that there be exercised reasonable diligence in good faith.[4] On the basis of what has been said above and the further facts shown to the trial court that Dr. Krofcheck's assignor, Major-Blakeney Corporation had ceased doing business in Utah, had discontinued its post office box address in California, and that there had been a bona fide attempt to serve Dr. Krofcheck at the only address known to or reasonably obtainable by the plaintiff, the court was convinced that the requirement for publication of summons has been met. We are not persuaded to disagree with that ruling. Further facts which may be regarded as giving general color to this situation are that nowhere in his pleadings and documents filed in this action was a current address given for Dr. Krofcheck, as required by

Rule 11, U.R.C.P.; and it is shown that a co-defendant, Robert W. Major, had concealed his whereabouts in order to avoid service.

■ Defendant also attacks the jurisdiction of the court on the ground of alleged defects in the summons as published. Due to an error in the clerk's office, this case was originally given the number 4473. But it was found that this duplicated the number of a case just previously filed. To avoid confusion, the clerk gave this case number 4473A. But the summons as published contained that number without the "A". Defendant charges that this is in violation of Rule 79(a), U.R.C.P., which requires that "actions shall be assigned consecutive file numbers." No one will gainsay that accuracy is always to be desired. But there should be no penalty or adverse effect for mere error which causes no harm.

■ Insofar as giving notice to the defendants in concerned, the case number on a summons is of little value. It is true that the affidavit states that defendant's attorney made one inquiry about the case numbered 4473, and was told that it did not relate to real property. But this was after the default judgment, during the redemption period. It does not appear that the defendant was in any way misled or adversely affected by this variance in the number.

■ Defendant argues also that the summons did not meet the requirements of Rule 4(c), U.R.C.P., that ". . . publication of summons . . . shall contain a description of the subject matter or res involved in the action." The claimed insufficiency is that the summons described the subject matter of the action merely as pertaining to "real property located in Summit

2. *Liebhardt v. Lawrence*, 40 Utah 243, 120 P. 215 (1911); *Bowen v. Olson*, 122 Utah 66, 246 P.2d 602 (1952).

3. *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741; *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951.

4. See *Parker v. Ross*, 117 Utah 417, 217 P. 2d 373, particularly concurring opinion by Justice Wolfe.

County, Utah," without a metes and bounds description.

Due to the limited knowledge that most people have about their real property, a metes and bounds description would be of little practical use in giving notice. That purpose is much better served by giving some practical designation or description of the property. Dr. Krofcheck would know what real property he had any interest in located in Summit County, Utah, and assuming the published summons came to his attention, an action thereon as so described would have given him just as good notice as one which gave the metes and bounds description.

■ The other issue to be dealt with is defendant's contention that the court abused its discretion in refusing to set aside the default judgment. A primary difficulty he confronts is that, as a general proposition, one who seeks to vacate a default judgment must proffer some defense of at least sufficient ostensible merit as would justify a trial of the issue thus raised.[5] As the trial court appropriately remarked on this point: the defendant failed to proffer any meritorious defense, or in fact any defense at all.

■ In conjunction with what has been said herein, there is another matter lurking in the background in this case which, though we do not regard as of controlling importance, tends to support our conclusion that the trial court did not abuse his discretion in refusing to set aside the judgment. A party may make a special appearance to contest a court's jurisdiction over him without submitting himself to it. But generally, if he asks the court for affirmative relief, he thereby submits himself to that court's jurisdiction.[6] Here the defendant not only made the attacks hereinabove discussed upon the service of summons, but he combined this with the request to extend the redemption period, which was granted and was in effect for five months. He thus was in the anomalous position of denying that the court had any jurisdiction to act upon his interest in the property, but also asking the court to protect that interest by extending the redemption period. We have not placed our decision herein solely upon this latter proposition because we agree with the procedure adopted by the trial court; that is, of staying the foreclosure from going forward to avoid the possibility of allowing further difficulties to develop, until he determined the other issues as to the court's jurisdiction and the soundness of the judgment.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

5. We so state in awareness that this may not be true if the attack is predicated solely on the ground that the court was entirely without jurisdiction. See *Atkinson v. Atkinson*, 43 Utah 53, 134 P. 595; *Peterson v. Crosier*, 29 Utah 235, 81 P. 860; and cf.: 49 C.J.S.

Judgments § 336; 118 A.L.R. 1498; Moore's Federal Practice par. 55.10(1).

6. See *Ricks v. Wade*, 97 Utah 402, 93 P.2d 479; *Swetnam v. Dalby*, 95 Utah 74, 79 P.2d 20; 111 A.L.R. 925.