**WALKER REALTY and Calvin Florence, Plaintiffs and Appellants,**

v.

**John E. RUNYAN, Esq., et al., Defendants and Respondents.**

**No. 14121.**

Supreme Court of Utah.

Jan. 27, 1976.

---

———◆———

Robert J. DeBry, DeBry & Landerman, Salt Lake City, for plaintiffs and appellants.

Kay. M. Lewis, Jensen & Lewis, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This is an appeal from a summary judgment in favor of the defendants.

The plaintiffs claim that they are a real estate broker and a real estate salesman and that they had an oral agreement to sell a warehouse under construction and to receive a 6% fee as a commission; and they secured a purchaser but defendant owner refuses to pay the commission due.

The second amended complaint is somewhat involved but seems to assert a claim for a finder's fee and a demand that a contract between owner and purchaser be specifically enforced so that plaintiffs' fee may be collected.

The facts as set forth by undisputed affidavits show the following:

1. Defendant Air Freight, Inc., a corporation, owned land upon which a warehouse was to be constructed.

2. John E. Runyan owned all the capital stock of Air Freight, Inc.

3. On March 18, 1974, Runyan and Shelledy entered into a contract for the sale of all the capital stock of Air Freight, Inc., for $1,200,000. At that same time, Runyan in writing also promised to pay to plaintiff Calvin Florence a finder's fee of $50,000 plus an apartment in the Banyon Tree Plaza in Honolulu, Hawaii, if and when all the stock of Air Freight, Inc., was purchased by Shelledy pursuant to the contract of March 18, 1974.

4. The contract between Runyan and Shelledy was contingent upon the warehouse being completed and delivery made on/or before October 1, 1974, and upon written acknowledgment by Builders Investment Group of their willingness to accept Shelledy as the obligor upon a mortgage in the amount of $1,100,000 in lieu of Runyan.

5. The building was not completed by October 1, 1974, and Shelledy was not accepted as a mortgagor in lieu of Runyan.

6. Shelledy had paid $25,000 as a down payment on March 18, 1974, but the agreement specifically stated that it would be returnable on demand if the deal was not consummated.

7. Shelledy demanded the return of the down payment and Runyan thereafter returned it to him.

8. Calvin Florence contacted Shelledy and notified Runyan that Shelledy would

purchase the warehouse if the price was reduced to $1,125,000 and that he, Florence, would reduce his finder's fee to $25,000 plus an equity in the apartment owned by Runyan.

9. Runyan, on October 18, 1974, sent a letter to Shelledy making an offer to sell the stock of Air Freight, Inc., for the sum of $1,125,000 all of which was to be paid upon closing not later than December 15, 1974. The offer was conditional upon Shelledy's furnishing a written commitment for financing from Metropolitan Life in the amount of $1,025,000 before 5:00 p. m. on Friday, October 25, 1974.

In the letter Runyan stated: "This will confirm that I will pay Cal Florence $25,000 for services rendered in conjunction with this sale and deliver to him apartment #3707 in the Banyon Tree Plaza in Honolulu, subject to the present outstanding mortgage indebtedness of approximately $25,000."

10. There was a place at the bottom of the letter for Shelledy to accept the offer, however he never accepted it and no sale was ever made.

The parties in their respective briefs discuss at length the statute of frauds as it relates to real estate brokers and finders. However, we think the trial court was correct in ruling for the defendants for the reason that no sale of the unfinished warehouse was ever made and no purchaser for the stock of Air Freight, Inc., was ever produced. Neither party to the stock sale contract could comply with the terms thereof and the agreement specifically provided that it would not be binding in such a case. The plaintiffs are not entitled to recover as brokers or as finders.

The judgment is affirmed. Costs are awarded to the respondents.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.