CENTURIAN CORPORATION, Plaintiff and Respondent,

v.

A. L. CRIPPS and Walter Cripps, Defendants.

PETTY MOTOR LEASE, INC., Intervening Plaintiff and Appellant,

v.

CENTURIAN CORPORATION, Richard Nickles and Margaret K. Nickles, Defendants in Intervention and Respondents.

No. 15153.

Supreme Court of Utah.

March 29, 1978.

---

6. See *Dowding v. Land Funding Limited*, Utah, 555 P.2d 957 (1976).

Wayne G. Petty, of Moyle & Draper, Salt Lake City, for intervening plaintiff and appellant.

James R. Brown, Salt Lake City, for respondent.

Bryce K. Bryner, Helper, for defendants Cripps.

WILKINS, Justice:

Plaintiff in Intervention, Petty Motor Lease, Inc. (hereafter "Petty") appeals from an order of the District Court of Salt Lake County denying jurisdiction of its complaint against Defendants in Intervention, Centurian Corporation, Richard Nickles and Margaret K. Nickles (hereafter collectively "Defendants-Intervenors").

On February 14, 1974, Centurian Corporation filed a complaint, # 217512, against Cripps claiming amounts due under a lease agreement and possession of a leased vehicle. Shortly after Cripps answered the complaint, plaintiff-intervenor filed a motion for intervention to which its proposed complaint was attached, and served it upon counsel for the parties in the action, together with a notice of hearing. The motion for intervention was granted, and a copy of the order was mailed to counsel for all parties. On January 22, 1976, counsel for plaintiff-intervenor signed the original of the complaint in intervention, mailed it, together with the filing fee, to the Salt Lake County Clerk for filing, and served the said complaint by mailing a copy thereof to counsel for defendants in intervention. The Salt Lake County Clerk filed this complaint under a new number, # 232883, rather than under the number 217512 in which the original action was filed. Attorney for defendants-intervenor filed an answer to the complaint in intervention upon counsel for Petty showing the case number, 217512. Subsequently, this earlier number was crossed out and the new number was inserted and the answer was thus filed in civil number 232883.

The action was tried before the court sitting without a jury. All parties were present and evidence was presented on behalf of each of them. No objection was made to the presence of Petty's counsel by any party or the court. The judge, not having a properly signed complaint in intervention before him in file # 217512 and finding no answer thereto, found that the court had no jurisdiction over the complaint in intervention and entered judgment only on the basis of relief prayed for in Centurian's complaint against Cripps.

Petty then moved for amendment of the findings which counsel for Centurian did not oppose, but the court denied that motion, and said:

But inasmuch as the matter in the Court's mind was tried on the basis of the plaintiff's complaint, principally asking relief based upon the agreement between Centurian and the Cripps and not asking for any relief based upon the agreement between Petty and Centurian, the Court thinks that there would be prejudice against Cripps at this point in the event the Court were to vacate its order and grant your motion.

The Court in denying Petty's motion, pointed out that Petty was not precluded from pursuing its complaint in intervention in file # 232883.

Petty argues that it took all steps necessary to intervene in the action pursuant to Rule 24, U.R.C.P., and was properly before the Court; that it was error for the Court to decide that it had no jurisdiction on its own motion when no party made objection; and further, that clerical errors do not affect the jurisdiction of the Court.

■ The purpose of Rule 24 is to eliminate unnecessary duplication of litigation. In this case, the record shows that all parties had notice that Petty had intervened, and that evidence on all matters at issue was presented to the Court. We do not see that any parties were prejudiced in this matter. In the recent case of *Downey State Bank v. Major-Blakeney Corp.*, Utah, 545 P.2d 507 (1976), this Court observed:

> No one will gainsay that accuracy is always to be desired. But there should be no penalty or adverse effect for mere error which causes no harm.

We hold that the matter of intervention was properly before the Court, and that it was error for the Court to rule as it did.

This matter is reversed and remanded to the District Court for Salt Lake County with instructions to enter judgment in accordance with the evidence presented at trial in the actions relating to both files. We leave it to the discretion of the Court as to whether it should open the case and take further evidence in this matter.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.