**Sheila MASON, Plaintiff and Respondent,**

v.

**George Stephen MASON, Defendant and Appellant.**

No. 16010.

Supreme Court of Utah.

June 20, 1979.

Don L. Bybee, Salt Lake City, for defendant and appellant.

John Spencer Snow, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Sheila Mason instituted this separate action to renew a judgment previously entered in supplemental proceedings in the divorce action between these parties. The main issue raised by the defendant is that such an action is not maintainable, but that the judgment becomes barred after eight years, as provided in Section 78–12–22, U.C.A. (1953).[1] From a ruling adverse to his contention defendant appeals.

The parties were married in 1957 and two children were born to them. Plaintiff was granted a decree of divorce in 1959 which awarded her the custody of the children with $50 a month support for each child and $50 a month alimony. There have been various supplemental proceedings and orders relating to the divorce decree, but the details thereof are not essential to recite here except those stated below.

Pursuant to proper proceedings, in 1970 the court entered judgment for $11,705 for delinquencies accrued under the decree. Thereafter, defendant continued to be delinquent in paying accruing support and alimony. Consequently, in March of 1976, a further order was entered requiring payments. It referred to and acknowledged

---

1. Section 78 12 22, U.C.A. 1953 provides that: "An action upon a judgment or decree of or territory within the United States" must be brought within eight years.

the 1970 judgment hereinabove referred to, and which is the subject of this suit.

In April of 1977, plaintiff caused to be issued another order to show cause why the defendant should not be required to make payments and be held in contempt for delinquencies. This matter was heard before the Honorable Jay E. Banks on April 25, 1977. On September 8, 1977, Judge Banks entered an order which stated that "No judgment is granted on judgments in arrears, or heretofore entered."

In March of 1977, thus less than eight years after the entry of the judgment in February of 1970, the plaintiff instituted this action for a new judgment thereon. The defendant failed to respond and default judgment was entered against him on July 6, 1977. The defendant, thereafter, moved the court to set aside the default judgment. The matter was heard on July 6, 1978, by the Honorable G. Hal Taylor. Judge Taylor concluded that there was no justiciable issue raised by the defendant's pleadings; and denied his motion to set aside the default judgment.

Defendant urges two propositions: (a) that the recital in the order of Judge Banks that "no judgment is granted on judgments in arrears or heretofore entered" should be regarded as vacating the 1970 judgment; and (b) that the trial court abused its discretion in refusing to set aside the default judgment.

■ As to (a) above: if the statement of defendant's contention is viewed in the light of the circumstances, it should answer itself. In the 1977 proceeding, above referred to, there was no issue raised as to the arrearages already shown in the 1970 judgment; and Judge Banks' recital in his judgment that "no judgment is granted on judgments in arrears heretofore entered," simply expressed his intent to let prior judgments stand, but did not indicate any intent to vacate or nullify the prior judgment;

and in any event he could not lawfully have done so.[2]

■ In regard to defendant's contention (b) as to the court's abuse of discretion in refusing to set aside the default judgment: we are in accord generally with the doctrine urged by defendant that the courts should be liberal in granting relief against judgments taken by default to the end that controversies may be tried on the merits.[3] The other side of this coin is that the rights of the party moved against must also be safeguarded and that the courts should not be occupied with the trial of cases unless some useful purpose is to be served thereby. Therefore, notwithstanding the rule of liberality in granting motions to set aside judgments in appropriate circumstances, that should not be done unless the moving party tenders a defense of sufficient merit to justify that procedure.[4] This leads us to considerations of the principal issue in this case: whether the defendant did tender a meritorious defense.

■ The defendant's principal contention is that by providing a limitation of eight years on the enforcement of judgments, the legislature has intended that after that time a judgment should expire and that there should be no way to renew or revive it. There is validity in defendant's argument that the purpose of statutes of limitation is that controversies should not lie dormant indefinitely, to spring into life and action at the whim or caprice of a claimant, but should sometime come permanently to rest. It is for this purpose that the different limitations of the time in which various actions may be brought, for example, as to real property, written contracts, open accounts, liabilities created by statute, etc., are specified in Chapter 12, Title 78, Sections 78–12–1 et seq. But the losing of such causes of action by the lapse of time can be avoided by filing an action in court within the period so prescribed.

---

**2.** *Larsen v. Larsen,* Utah, 561 P.2d 1077 (1977); *Harmon v. Harmon,* 26 Utah 2d 436, 461 P.2d 231 (1971).

**3.** *McKean v. Mountain Memorial Estates, Inc.,* 17 Utah 2d 323, 411 P.2d 129.

**4.** *Downey State Bank v. Major-Blakeney Corporation,* Utah, 545 P.2d 510.

With respect to a judgment, the situation is different. The owner of the cause of action has already resorted to the court to preserve it; and unless he can bring another action on the judgment within the eight-year period, he has no way of preventing the loss of his justly adjudicated claim. It is pertinent to observe that a judgment creditor could take his judgment to any sister state and sue upon it. His judgment surely should be considered as having at least equal dignity, value and effect in our own courts.

We note that no authority has been cited, and we are aware of none, which holds that such an action cannot be maintained. On the other hand, the adjudications thereon with which we are acquainted are in accord with our view: that a judgment may be sued upon if the action is brought within the eight-year statute of limitation.[5]

Consequent to what has been said herein, we are not convinced that the trial court abused its discretion in refusing to set aside the default judgment, nor in ruling that the defendant had not tendered a meritorious defense to the plaintiff's complaint.

Affirmed. Costs to plaintiff.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

**5.** In support of this proposition, see *Gass v. Hunting*, Utah, 561 P.2d 1071 at 1072 (1977) in which this Court stated that "A suit on a judgment may be commenced during the eight-year period following the entry thereof . . ." This case quoted from *Yergensen v. Ford*, 16 Utah 2d 397, 402 P.2d 696 at 698 (1965) wherein the court said:

    A money judgment forms the basis for but two legal proceedings: (1) a suit thereon, brought within eight years, wherein it forms the basis or chose in action for a new judgment . . . .

To the same effect in other jurisdictions, see *Michely v. Honolulu, Limited, Hawaii*, 567 P.2d 824 (1927) citing *Harrison v. Magoon*, 13 Hawaii 339 (1901); *Wilder v. Colburn*, 21 Hawaii 701 (1913); and *State ex rel. Commissioners of Land Office v. Whitfield*, 200 Okl. 300, 193 P.2d 306 (1948).