STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff ·and Respondent,

v.

D. John MUSSELMAN and Linda Ann Coram, Defendants and Appellants.

No. 18161.

Supreme Court of Utah.

July 26, 1982.

Richard I. Ashton of Fox, Edwards & Gardiner, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Leon A. Halgren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant, Musselman, an attorney, appealed from the denial of his Motion to Vacate a Judgment obtained against him by the plaintiff for medical expenses paid on behalf of his client, the defendant, Linda Ann Coram. His motion was made under the claim that he did not make a timely response to the complaint because of excusable neglect. The excuse was based on his assertion that because of a week's stay in a hospital and a two- or three-week convalescent period, he excusably neglected to file a timely responsive pleading to protect and preserve any defenses he may have had to the suit.

The pleading and proof showed, and the defendant conceded, that his client (the other defendant here) obtained $82,222 of State welfare money for medical services incurred for treatment, which later she claimed was negligently administered. It is also conceded that as consideration for such absorption of the expenses by the State, she would and did assign to the State any claim she had for reimbursement of the medical expenses. Such assignment and right of subrogation are conceded by the defendant, and the record shows that in aid of such right, the defendant agreed to honor and assist in its assertion.

With the above backdrop, the defendant made an out-of-court settlement for his client of $150,000. In so doing, defendant

accepted from the insurance company a check payable to his client and himself *and* the Department of Social Services, for the exact amount of the medical expenses, $82,- 222, and another for substantially the balance of the $150,000 settlement. He and his client personally endorsed the $82,222 check. He also endorsed for the plaintiff, without any proof of capacity or authority, by the written words: "State of Utah Office of Recovery Services *by* D. John Musselman, its Attorney at Law and in Fact." This check he banked along with the other, and promptly thereafter issued a check on the account payable to one Herbst, for $50,- 000 as a loan secured by a promissory note calling for 180% interest per annum, payable monthly. He did not offer to pay, nor did he pay anything to plaintiff. His claim that he should have been relieved of the default judgment under such circumstances would be far less suspect had he not been a licensed member of the Bar at the time.

His proposed answer filed along with his Motion to Vacate the Judgment substantially concedes all the above-mentioned pertinent facts. This being so, what he had to offer the court in support of his Motion to Vacate, in no way could satisfy the rule that the Motion must be supported by facts showing a meritorious defense; and the trial court in this case, having before it the facts conceded, would have committed error had the Motion been granted.

A case that we believe and hold to be dispositive here,[1] made the following statement which particularly has application to the instant case:

A primary difficulty he confronts is that, as a general proposition one who seeks to vacate a default judgment must proffer some defense of at least ostensible merit as would justify a trial of the issue thus raised. As the trial court appropriately remarked on this point: the defendant failed to proffer any meritorious defense, or in fact any defense at all.

The judgment is affirmed.

STEWART, J., concurs in the result.

1. *Downey State Bank v. Major-Blakeney Corp.,*