STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,

v.

D. John MUSSELMAN and Linda Ann Coram, Defendants and Appellants.

No. 18161.

Supreme Court of Utah.

June 14, 1983.

Richard I. Ashton, Geoffrey Heath, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Leon A. Halgren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

This is a rehearing on the appeal of defendant D. John Musselman from a denial by the trial court of defendant's motion to set aside a default judgment entered against him. The facts of this matter are as set forth in our initial opinion:

> The defendant, Musselman, an attorney, appealed from the denial of his Mo-

tion to Vacate a Judgment obtained against him by the plaintiff for medical expenses paid on behalf of his client, the defendant, Linda Ann Coram. His motion was made under the claim that he did not make a timely response to the complaint because of excusable neglect. The excuse was based on his assertion that because of a week's stay in a hospital and a two- or three-week convalescent period, he excusably neglected to file a timely responsive pleading to protect and preserve any defenses he may have had to the suit.

The pleading and proof showed, and the defendant conceded, that his client (the other defendant here) obtained $82,522 of State welfare money for medical services incurred for treatment, which later she claimed was negligently administered. It is also conceded that as consideration for such absorption of the expenses by the State, she would and did assign to the State any claim she had for reimbursement of the medical expenses. Such assignment and right of subrogation are conceded by the defendant, and the record shows that in aid of such right, the defendant agreed to honor and assist in its assertion.[1]

With the above backdrop, the defendant made an out-of-court settlement for his client of $150,000. In so doing, defendant accepted from the insurance company a check payable to his client and himself *and* the Department of Social Services, for the exact amount of the medical expenses, $82,522, and another for substantially the balance of the $150,000 settlement. He and his client personally endorsed the $82,522 check. He also endorsed for the plaintiff, without any proof of capacity or authority, by the written words: "State of Utah Office of Recovery Services *by* D. John Musselman, its Attorney at Law and in Fact." This check he banked along with the other,

1. On rehearing, defendant retracts his earlier concession regarding his client's assignment of benefits to plaintiff, and denies any agreement between himself and plaintiff to the effect that he would represent plaintiff in a legal capacity in the assertion of plaintiff's subrogated claims. This matter is more fully discussed *infra.*

and promptly thereafter issued a check on the account payable to one Herbst, for $50,000 as a loan secured by a promissory note calling for 180% interest per annum, payable monthly. He did not offer to pay, nor did he pay anything to plaintiff. His claim that he should have been relieved of the default judgment under such circumstances would be far less suspect had he had been a licensed member of the Bar at the time.[2]

The lower court denied defendant's motion to set aside the default judgment on the grounds that defendant had failed to state a defense in his proposed answer to the complaint. Defendant's subsequent appeal to this Court resulted in an affirmance of the trial court's ruling. In a per curiam decision dated July 26, 1982, we held that "what he [defendant] had to offer the court in support of his Motion to Vacate, in no way could satisfy the rule that the Motion must be supported by facts showing a meritorious defense . . . ."

Thereafter, defendant petitioned this Court for a rehearing on the basis that certain controlling facts relied upon by this Court in support of its initial ruling had been misconstrued. We granted defendant's petition for rehearing on October 8, 1982.

The standard upon which defendant predicated his motion for relief from the default judgment is set forth in Rule 60(b)(1) of the Utah Rules of Civil Procedure:

> On motion and upon such terms as are just, the Court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or *excusable neglect*[3] . . . . [Emphasis added.]

■ With respect to the application of this rule, we reiterate our well-settled policy, stated thus:

> [W]e are in accord generally with the doctrine urged by defendant that the courts should be liberal in granting relief against judgments taken by default to the end that controversies may be tried on the merits.[4]

We also, however, acknowledge the coexistence of this judicial policy with the broad latitude of discretion accorded the trial court in ruling upon such motions.[5] Indeed, the implementation of the policy is a matter which this Court has specifically committed to the trial court as follows:

> The trial court is endowed with considerable latitude of discretion in granting or denying a motion to relieve a party from a final judgment under Rule 60(b)(1), U.R.C.P., and this court will reverse the trial court only where an abuse of this discretion is clearly established . . . . The rule that the courts will incline towards granting relief to a party, who has not had the opportunity to present his case, is ordinarily applied at the trial court level, and this court will not reverse the determination of the trial court merely because the motion could have been granted. For this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full opportunity for a fair hearing was afforded him or his legal representative.[6]

■ In order for defendant to be relieved from the default judgment, he must not only show that the judgment was entered against him through excusable neglect (or any other reason specified in Rule 60(b)),

---

**2.** *State v. Musselman,* Utah, 657 P.2d 1260 (1982).

**3.** As heretofore pointed out, defendant's motion was made under the claim that he did not make a timely response to the complaint because of "excusable neglect."

**4.** *Mason v. Mason,* Utah, 597 P.2d 1322, 1323 (1979).

**5.** *Mayhew v. Standard Gilsonite Co.,* 14 Utah 2d 52, 376 P.2d 951 (1962); *Warren v. Dixon Ranch Co.,* 123 Utah 2d 416, 260 P.2d 741 (1953).

**6.** *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 67–68, 513 P.2d 429 (1973).

but he must also show that his motion to set aside the judgment was timely,[7] and that he has a meritorious defense to the action.[8]

It is defendant's contention on appeal that he has satisfied each of the above-stated requirements for setting aside a default judgment, and that the trial court, therefore, abused its discretion by denying him relief from the judgment and an opportunity to have his case tried on the merits.

The timeliness of defendant's application to have the default judgment set aside is undisputed. The judgment was entered on the 14th of July, 1981, and the motion to set aside the judgment was filed on August 13, 1981, which was well within the three-month limitation prescribed by the rule (60(b)).

Defendant's assertion that the showing of excusable neglect has been implicitly recognized by both this Court and the lower court is in dispute. The alleged basis for this assertion is the trial court's denial of the motion to set aside *solely* upon the ground that defendant had failed to state a *defense.* According to defendant, the lower court would have had no reason to address the issue of a meritorious defense unless it believed excusable neglect had already been established, and thus it is implicit in the lower court's ruling that such excusable neglect was shown. As supportive of his position, defendant relies upon the following statement made by this Court in a similar case:

> This latter question [of a meritorious defense] arises only after consideration of the first question [of excusable neglect] and a sufficient excuse therefrom being shown.[9]

■ We find merit in defendant's position. This Court's statement in the *Cox* decision (quoted immediately above) clearly sets forth the policy in this jurisdiction requiring that the lower court consider and resolve the question of excusable neglect (when the motion to vacate the default judgment is based on excusable neglect) prior to its consideration of the issue of whether a meritorious defense exists. Furthermore, in accordance with this policy, it is unnecessary, and moreover inappropriate, to even consider the issue of meritorious defenses unless the court is satisfied that a sufficient excuse has been shown.

This policy is not unique to this jurisdiction. Another state, which has likewise held that the requirement of showing excusable neglect should precede that of showing a meritorious defense, is Arizona. There, the courts acknowledge:

> We have repeatedly held, in order to secure the setting aside of a default judgment, the party in default must show first, excusable neglect, and second, a meritorious defense.[10]

■ Accordingly, although the lower court did not specifically rule on the question of excusable neglect, we may imply from its consideration of and ruling on "defenses" that it found a sufficient excuse for defendant's failure to file a timely answer.

Notwithstanding defendant's showing of timeliness and excusable neglect, unless he can show "some defense of at least ostensible merit as would justify a trial of the issue thus raised," [11] his motion to set aside cannot justifiably be granted. This leads us to a consideration of defendant's principal contention on appeal: that he did, in fact, show a meritorious defense, and that the

---

**7.** Rule 60(b) provides:
The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than three months after the judgment, order, or proceeding was entered or taken.

**8.** *Downey State Bank v. Major-Blakeney Corp.,* Utah, 545 P.2d 507 (1976); *Mason v. Mason, supra* footnote 4; *DeHoney v. Hernandez,* 122 Ariz. 367, 595 P.2d 159 (1979); *White v. Holm,* 73 Wash.2d 348, 438 P.2d 581 (1968).

**9.** *Board of Education of Granite School District v. Cox,* 14 Utah 2d 385, 384 P.2d 806 (1963).

**10.** *State v. Oaks,* 3 Ariz.App. 174, 412 P.2d 743, 745 (1966).

**11.** *Downey State Bank v. Major-Blakeney Corp., supra* footnote 8.

trial court's contrary ruling was an abuse of discretion.

■ Defendant urges this Court to reconsider certain "controlling facts," which he contends were erroneously construed by the trial court, as well as by this court, on its initial review, and which, he further contends, led to the determination that no defense had been shown. The first of these alleged misconstrued facts was that plaintiff had a right of subrogation to the medical benefits recovered by Mrs. Coram by reason of an assignment of benefits. Defendant argues that this alleged assignment of benefits was not supported by sufficient evidence, inasmuch as the only proof offered to support its existence was the mere assertion thereof contained in plaintiff's complaint. Defendant also, however, acknowledges that he admitted to the assignment in his tendered answer, but explains that the admission was made on the assurances of plaintiff that such an assignment had been made and that a written copy thereof would be produced. Inasmuch as no written copy of the assignment was, in fact, ever produced nor any other supporting evidence proffered, defendant argues that his admission was ineffectual.

We find no merit whatsoever in defendant's position with respect to the assignment of benefits. Plaintiff's allegation regarding such assignment was properly submitted in its complaint, and defendant's admission thereto, in his proposed answer, was unconditional and unequivocal. The fact of an assignment and right of subrogation was, therefore, clearly established, and the trial court's, as well as this Court's, reliance thereon was justified.

■ The next alleged misconstruction of facts was that defendant acted as representative and legal counsel for the State in the assertion of its subrogated claims. Defendant points out that his proposed answer contained a specific denial to the allegation that he was acting as a legal representative of the State, and that that denial constitut-

ed a meritorious defense to the action. He further argues, in his brief, that the record of the lower court proceedings clearly supports his position.

A review of the record does not bear out defendant's contention. To the contrary, the record adequately supports the conclusion of the trial court that defendant's general denial that he acted as a legal representative of the State did not constitute a meritorious defense. This is to be seen in that at the hearing held by the trial court, the defendant confirmed that he endorsed the settlement draft issued jointly in favor of the State in the exact amount of its assigned claim of $82,522.22, and that he did so in the following manner:

D. John Musselman
State of Utah
Office of Recovery Services by: D. John Musselman
Its: Attorney at law and in fact

Also at the hearing, when questioned as to whether he was representing the State of Utah in the $82,522.22 recovery, defendant answered: "In recovering the funds initially—well, I don't know. I'd have to research that before I could answer that correctly." This statement, coupled with defendant's endorsement of the settlement draft, graphically reveals the inadequacy of the general denial contained in the proposed answer as a meritorious defense.

■ Defendant's failure to support his proposed defenses with specific, detailed facts is governed by the generally accepted rule, which is:

A meritorious defense is one which sets forth specific and sufficiently detailed facts which, if proven, would have resulted in a judgment different from the one entered.[12]

Defendant must therefore do more than merely dispute or deny the truth of plaintiff's allegations; he must set forth specific facts showing meritorious defenses to those

**12.** *Lopez v. Reserve Insurance Co.,* Colo.App., 525 P.2d 1204, 1206 (1974). *See also Fisher v. Bunker Hill Co.,* 96 Idaho 341, 528 P.2d 903 (1974); *Beckett v. Cosby,* 73 Wash.2d 825, 440 P.2d 831 (1968).

allegations in order to have the default judgment set aside. In this instance, as a matter of law, a meritorious defense was not asserted.

In conclusion, we reiterate that due to the broad discretion given the trial court in granting or denying Rule 60(b)(1) motions, "this court will reverse the trial court only where an abuse of this discretion is clearly established...."[13] No abuse of the trial court's discretion has been established by defendant in the instant case. We find the record to be clearly supportive of the trial court's determination. We therefore adopt the final statement from our initial opinion:

A case that we believe and hold to be dispositive here, made the following statement which particularly has application to the instant case:

A primary difficulty he confronts is that, as a general proposition, one who seeks to vacate a default judgment must proffer some defense of at least ostensible merit as would justify a trial of the issue thus raised. As the trial court appropriately remarked on this point: *the defendant failed to proffer any meritorious defense, or in fact any defense at all.*[14] [Emphasis added.]

The judgment is affirmed.

OAKS, J., concurs.

HOWE, Justice (concurring):

I concur in the opinion of the Court with the following additional observations:

At the hearing held on the defendant's motion to set aside the default judgment which had been entered against him, the court allowed defendant and counsel for plaintiff to make statements to the court of their positions. This was done following the court's indication that he had read the defendant's proposed answer and that he did not think it stated a valid defense to the complaint. Given that opportunity, the defendant responded as follows:

I believe that I have stated a genuine defense in the answer and that is based strictly upon the Utah statute dealing with cases of this kind when there is a settlement and when there is a claim by the State Social Services. And that defense is that the State's claim is limited in the amount that is no less than what their total claim is where the State has not retained its own attorney. I believe that is purely statutory and an issue of law. And I believe that is the defense to that portion of the State's claim. Thank you.

Following that statement by the defendant, counsel for the plaintiff responded, whereupon the defendant was given permission by the court to make a further statement which was as follows:

The State has continually taken the position that the issue is whether the State needs to pay myself an attorney fee. It's my contention that the defense that I've cited, in the answer that I've tendered, is that that is not an issue at all. The issue is the claim of the State against the funds of Linda Coram. It is not a question of what they pay me if anything. They don't pay me anything at all under the statute. As I say I believe that's an issue of law that's determined by the statute. The issue is how much the State has a right to receive out of the proceeds of that settlement and that's where I believe that that is a proper defense. Thank you.

I agree with the dissenting opinion that at hearings on motions to set aside default judgments the Court should not conduct a "mini-trial" and require the moving party to proffer its evidence so that the Court might test its weight. I also agree with the dissent that the Court should only examine the defendant's proposed answer and determine whether as a matter of law it contains a defense which is entitled to be tried. In the instant case, however, defendant requested to explain his position. As shown

---

**13.** *Airkem Intermountain, Inc. v. Parker, supra* footnote 6. *See also Gardiner & Gardiner Builders v. Swapp,* Utah, 656 P.2d 429 (1982).

**14.** *Downey State Bank v. Major-Blakeney Corp., supra* footnote 8.

by the above statements he made, he interpreted his answer as only raising a question of law, which was whether the State was entitled to the full $82,000 or whether part of it belonged to Linda Coram. The defendant did not at any time deny that he had endorsed the $82,000 draft on behalf of the plaintiff and that he and not Mrs. Coram had received funds. That being so, it was not for him to assert in this suit brought against him that part of the funds might belong to Mrs. Coram who was also named as a defendant in the lawsuit but who had not been served with process. If Mrs. Coram does have a valid claim to part of the $82,000, she can assert that claim when she is served with process, or she could bring her own suit to recover any amount to which she is entitled. The defendant was attempting to assert her defenses in the action directed against him. Such a defense is not a meritorious defense for him since he clearly has no personal valid claim to the funds. He made no claim to an attorney's fee out of the funds. Mrs. Coram's rights to the funds are in no way foreclosed by this judgment against him.

DURHAM, Justice (dissenting):

I dissent from the majority opinion's affirmance of the trial court's ruling that the appellant had no "meritorious defenses" which would permit the setting aside of this default judgment. I agree with that portion of the opinion which concludes that the appellant has met his burden on the issues of timeliness and excusable neglect. The majority opinion correctly states that the trial court "denied defendant's motion to set aside the default judgment on the grounds that defendant had failed to state a defense in his proposed answer to the complaint." However, the opinion then proceeds to analyze the appellant's defense, not on the basis of the legal merit of the contents of his Answer, but rather on the basis of the *facts* which would support or undermine the proposed defenses. Such an analysis should never be undertaken on a motion to vacate a default judgment or on an appeal from a ruling thereon. Once timeliness and a basis for relief under Rule 60(b) of the Utah Rules of Civil Procedure have been established, the sole issue is whether, *as a matter of law,* a defendant's proposed Answer contains a defense which is entitled to be tried.

The Utah cases cited by the majority opinion bear out this view.[1] In *Downey State Bank v. Major-Blakeney Corporation,* Utah, 545 P.2d 507 (1976), this Court said:

> [A]s a general proposition, one who seeks to vacate a default judgment must proffer some defense of at least sufficient *ostensible* merit as would justify a trial of the issue thus raised.

*Id.* at 510 (emphasis added). In *Mason v. Mason,* Utah, 597 P.2d 1322 (1979), the proposed defense concerned a statute of limitations and raised an issue of law regarding the statute's applicability. Because, as a matter of law, the defense was not meritorious, *i.e.,* the statute of limitations was unavailable as a defense, this Court upheld the trial court's ruling that "defendant had not tendered a meritorious defense to the plaintiff's complaint." There is no suggestion in this Court's prior rulings on this issue that a defendant must or should be "put to his proof" on his proposed defenses before he is eligible to have a default judgment vacated. The holding of the majority opinion will require the proffer, if not the production, of a defendant's entire case on the hearing of a motion to set aside a default judgment. Such a requirement at the very outset of a case, and prior to any discovery, places an unduly onerous burden on a defendant otherwise eligible for relief under Rule 60(b) and on trial courts which

1. The two cases from other jurisdictions cited in footnote 8 of the majority opinion are not helpful. In *DeHoney v. Hernandez,* 122 Ariz. 367, 595 P.2d 159 (1979), the existence of a "meritorious defense" was conceded by the parties and therefore not discussed by the Arizona Supreme Court. In *White v. Holm,* 73 Wash.2d 348, 438 P.2d 581 (1968), the Supreme Court of Washington held, I believe erroneously, that a moving party must show "substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party." *Id.* at 352, 438 P.2d at 584.

may have to conduct "mini-trials" whenever the entry of a default judgment is challenged. The major purpose of the "meritorious defense" rule is to prevent the necessity of judicial review of questions which, on the face of the pleadings, are frivolous. Where, however, the proffered defense is meritorious *as a matter of law,* aside from the question of whether it can be proved at trial, a defendant should be permitted to go to trial if he has shown good cause for failure to file an Answer and has requested relief promptly.

The complaint in this action alleges that Linda Coram made a written assignment of benefits whereby the respondent Department of Social Services became subrogated to recover sums it had advanced to her from third-party payments. It also alleges that the respondent is entitled to $82,522.22 by reason of the operation of the Medical Benefits Recovery Act. *See* U.C.A., 1953, §§ 26–19–1 to –17 (Supp.1981) (original version at U.C.A., 1953, §§ 55–15d–1 to –17 (Supp.1979)). The complaint does not specifically allege that the respondent complied with the Act in perfecting its lien on the settlement in Ms. Coram's lawsuit. In his proffered Answer, the appellant Musselman denied that he failed to comply with the requirements of the Act, denied that the respondent's lien was valid, denied the allegation that there was no contract between him and the respondent respecting attorney's fees, and denied that the respondent was entitled to recover the entire sum claimed. As affirmative defenses, the appellant's proposed Answer alleged: 1) that the Recovery Act limits the respondent's recovery to "the total amount of medical expenditures for the benefit of the beneficiary less twenty-five (25%) percent and less that portion of the cost of litigation expenses pertaining to the [respondent]"; 2) that the respondent failed to comply with the Act, "which compliance is a condition precedent to being entitled to any recovery whatsoever"; 3) that the action should be dismissed pursuant to § 55–15d–11, and § 55–15d–12 of the Act (the statute of limitations); and 4) "that the [respondent] is not entitled to full recovery under the ap-

propriate Sections of the Utah Code for the reason that the beneficiary, Linda Ann Coram, has not been fully compensated [sic] or made wholly [sic] by reason of the settlement effected in her case against the responsible health-care provider and that, therefore, the [respondent] should share in an appropriate equitable reduction of benefits under the Rules of Law pertaining to subrogations."

The majority opinion claims that "the fact of an assignment and right of subrogation was ... clearly established ...." To the contrary, however, the respondent's right of subrogation, and particularly the *amount* of its lawful claim, is sharply disputed in the pleadings discussed above. Furthermore, the record shows that the trial court heard no evidence whatsoever respecting the applicability of the Recovery Act, the perfection of the respondent's lien and its compliance with the Act, the statute of limitations, and the right of the state to receive reimbursement if Ms. Coram can show that she has not been "made whole" by her settlement. The defendants Coram and Musselman have not had a "day in court" or a hearing on any of these issues, and this Court is not in a position to find facts in the absence of any record. The defenses outlined above, if proved, would preclude the respondent's recovery, or at least reduce the amount thereof. The trial court was in error in holding that those defenses were not "meritorious." While I acknowledge that there is a strong suggestion in the record of this case that Mr. Musselman's dealings with the respondent have been improper, it is not he who "loses" by reason of this decision. The person who will in fact suffer is Ms. Coram, whose right to retain a larger portion of her personal injury settlement will never be litigated. The trial court abused its discretion in failing to set aside the default judgment and permit the filing of an answer. I would reverse.

STEWART, J., concurs in the dissenting opinion of DURHAM, J.