**Mark A. WOOD, Plaintiff and Respondent,**

v.

**Harry M. WEENIG and Erma P. Weenig, his wife, Defendants and Appellants.**

**No. 860304–CA.**

Court of Appeals of Utah.

May 12, 1987.

David S. Dolowitz, David G. Mangum, Parsons, Behle & Latimer, Salt Lake City, for defendants and appellants.

Chris J. Malan, Ogden, Valden P. Livingston, Frank Nakamura, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

OPINION

DAVIDSON, Judge:

Defendants appeal from the District Court's denial of their motion to set aside default judgment. They assert that defendant Erma P. Weenig (Erma) was not properly served in the underlying action and that she has a good defense which she should have been permitted to raise and litigate before the trial court. We affirm.

Plaintiff obtained a judgment against defendant Harry M. Weenig (Harry) in the Marion Circuit Court, State of Indiana, on February 1, 1974. The judgment was for the sum of $200,000.00 with interest thereon at eight percent per annum plus costs incurred in the action. This result was affirmed by the Court of Appeals for the State of Indiana, Second District, on June

21, 1976. On February 14, 1977, this was reduced to a judgment in the Third District Court for Salt Lake County, State of Utah and was docketed in the clerk's office on February 16, 1977.

Plaintiff, in an earlier attempt to determine the availability of Harry's assets, took the latter's deposition on August 10, 1976. One day earlier, Harry transferred all right, title and interest in his residence, located at 4464 Covecrest Drive in Salt Lake City, to Erma. The quitclaim deed was recorded August 13, 1976.

On July 30, 1979, plaintiff brought an action for fraudulent conveyance against the Weenigs. On the same day, plaintiff's attorney mailed a notice to Erma, at the Salt Lake City residence, concerning the taking of her deposition. On August 9, 1979, a deputy constable for the Murray Precinct visited the defendants' residence to make service of process. The deputy constable spoke for approximately ten minutes, via an intercom, with an individual who identified herself only as Erma's daughter and admitted she was over the age of 14. The daughter refused to open the door to accept service and stated she had been instructed by her father not to accept any legal papers. This statement was also heard by the deputy constable's wife who was accompanying her husband. The deputy finally told the person on the intercom that he was serving the papers by leaving them on the porch. He then left a copy of the summons and complaint on the porch of defendants' residence.

Erma's default was entered on February 6, 1980, and plaintiff was granted default judgment. At no time had Erma filed any response to the complaint.

The motion to set aside default judgment came on for an evidentiary hearing four years after default, on May 2, 1984. During the course of the hearings Erma and her two daughters testified they had never been served any legal papers at the family residence as testified to by the deputy constable and his wife.

In its conclusions of law the trial court stated that Erma was properly served in accordance with Utah R.Civ.P. 4, the motion was untimely, and Erma had failed to set forth a meritorious defense or claim to the fraudulent conveyance action.

The Utah Supreme Court, in *State By & Through D. of S.S. v. Musselman,* 667 P.2d 1053, 1055–1056 (Utah 1983), wrote:

In order for defendant to be relieved from the default judgment, he must not only show that the judgment was entered against him through excusable neglect (or any other reason specified in Rule 60(b)), but he must also show that his motion to set aside the judgment was timely, and that he has a meritorious defense to the action.

The affirmation of the trial court's denial can be based on this pronouncement alone. However, it is recognized that generally courts "should be liberal in granting relief against judgments taken by default to the end that controversies may be tried on the merits." *Mason v. Mason,* 597 P.2d 1322, 1323 (Utah 1979). It is necessary to balance this doctrine with the findings of the trial court. This court will not substitute its judgment for that of the trial court nor "disturb the trial court's findings of fact when they are based on substantial, competent and admissible evidence." *Dang v. Cox Corp.,* 655 P.2d 658, 660 (Utah 1982). A recent case restates the general policy of liberality towards setting aside a default judgment when doubts are present; but, before the appellate court interferes with the trial court's exercise of discretion in not setting the default judgment aside, "abuse of that discretion must be clearly shown." *Katz v. Pierce,* 732 P.2d 92, 93 (Utah 1986). The Court went on to explain "[t]hat some basis may exist to set aside the default does not require the conclusion that the court abused its discretion in refusing to do so when facts and circumstances support the refusal." *Katz* at 93.

██ In order to clear the initial hurdle of the three part *Musselman* test, Erma must present a reason authorized by Utah R.Civ.P. 60(b). She has selected 60(b)(4) claiming that service upon her was improper. Where service is invalid, the time limitation of 60(b), as to when relief must be sought, has no application. *Garcia v. Garcia,* 712 P.2d 288 (Utah 1986). Therefore, invalidity of service is crucial to Erma's appeal. Utah R.Civ.P. 4(e)(1) states:

Personal service within the state shall be as follows: (1) Upon a natural person of the age of 14 years or over, by delivering a copy thereof to him personally, or by leaving such copy at his usual place of abode with some person of suitable age and discretion there residing; or by delivering a copy to an agent authorized by appointment or by law to receive service of process.

The trial court heard extensive evidence that this is exactly what the deputy did. He left the summons and complaint on the Weenig doorstep after a fruitless conversation with a faceless individual inside the residence. That person identified herself as being of suitable age and stated that she was Erma's daughter.[1] Even though both of Erma's daughters denied having spoken with the deputy constable, the trial judge gave more credence to the testimony of the official making the service. The trial judge stated he was "not impressed with the candor or testimony of Mrs. Weenig. It has not been convincing." He further stated that the *Musselman* elements had not been met. This was not an abuse of his discretion. We strongly believe that personal service should not become a "degrading game of wiles and tricks" nor should a defendant be able to defeat service simply by refusing to accept the papers or instructing others, suitable under the rules of civil procedure, also to reject service. *Business & Prof. Adj. Co. v. Baker*, 62 Or.App. 237, 659 P.2d 1025, 1027 (1983). Because the service on Erma was valid there is no need to examine whether the motion was timely or if she possessed a meritorious defense, the other requirements under *Musselman*.

The denial of the motion to set aside default judgment is affirmed. Costs against the defendants.

GREENWOOD and JACKSON, JJ., concur.

---

**1.** Erma admitted at the hearing that she had only two daughters and that during August, 1979, both lived with her in the Salt Lake City residence.