Louis A. ERICKSON and Direct To Dealer Sales, Inc., a Utah corporation, Plaintiffs and Appellees,

v.

SCHENKERS INTERNATIONAL FORWARDERS, INC., a New York corporation, Defendant and Appellant.

No. 930488.

Supreme Court of Utah.

Oct. 19, 1994.

Brian C. Harrison, Provo, for plaintiffs.

Gary L. Chrystler, Provo, for defendant.

DURHAM, Justice:

Defendant Schenkers International Forwarders, Inc. ("Schenkers"), appeals from an order of the Fourth Judicial District Court denying its motion to set aside a default judgment entered in favor of plaintiffs Louis A. Erickson and Direct To Dealer Sales, Inc. ("Erickson"). Although the district court determined that Schenkers' motion to set aside default was timely filed and that its failure to respond to the complaint was due to excusable neglect, it ruled that Schenkers had failed to demonstrate a meritorious defense as required by *State ex rel. Department of Social Services v. Musselman,* 667 P.2d 1053 (Utah 1983) (plurality opinion). We reverse and remand for a trial on the merits.

In 1987, Schenkers agreed with Erickson to return, freight collect, a shipment of defective water sleds to their manufacturer, Wong B. Industries, in Seoul, Korea. Schenkers transported the shipment of 307 water sleds with an invoice cost of $57,689.94 to Korea but failed to deliver them to Wong B. Industries. Schenkers also failed to notify Erickson that delivery had not been made, that freight charges had not been paid, and that the defective goods had been confiscated by Korean officials.

In May 1991, Erickson filed a complaint seeking damages for breach of the shipping contract. Erickson sought $57,689.94 in actual damages, plus prejudgment interest at the rate of 10% per annum. In January 1993, Erickson filed a notice to appoint counsel or appear in person. When Schenkers failed to respond to Erickson's notice within the thirty days allowed by law, the district

court clerk entered Schenkers' default on March 2, 1993.

On March 25, 1993, Schenkers filed a motion to set aside the default along with an answer containing general denials of the allegations set forth in Erickson's complaint and several affirmative defenses. In the motion to set aside the default, Schenkers claimed that its failure to answer the complaint was due to excusable neglect and that it had a valid defense to the lawsuit. While Schenkers' motion was pending, the district court held a default hearing regarding the clerk's March 2, 1993, entry of default. The district court determined that the default had been properly entered and granted judgment against Schenkers in the sum of $92,801.24 representing actual damages and prejudgment interest, plus interest from the date of judgment until paid.

■ On May 12, 1993, the district court denied Schenkers' motion to set aside the default judgment. In its memorandum decision, the court found that defendant's motion to set aside default was timely filed and that defendant's failure to respond was due to excusable neglect. Nevertheless, the court denied the motion because it determined that Schenkers had failed to demonstrate a meritorious defense as required by *Musselman*, 667 P.2d at 1055–56. The issue before us on appeal is whether Schenkers' proposed answer satisfies Utah's meritorious defense requirement for setting aside a default judgment. We hold that it does.

■ We begin with the applicable standard of review. The articulation of the proper legal standard to be used by trial courts in determining whether a defense is meritorious is a question of law, which we review for correctness. *See State v. Pena*, 869 P.2d 932, 936 (Utah 1994) ("[A]ppellate courts have traditionally been seen as having the power and duty to say what the law is and to ensure that it is uniform throughout the jurisdiction.").

Rule 60(b) of the Utah Rules of Civil Procedure sets forth the requirements for setting aside a default judgment. In addition to other grounds set forth in rule 60(b), the court may relieve a party from a default judgment based upon the excusable neglect of that party. Utah R.Civ.P. 60(b)(1). In *Musselman*, we elaborated on that excusable neglect standard:

> In order for defendant to be relieved from the default judgment, he must not only show that the judgment was entered against him through excusable neglect (or any other reason specified in rule 60(b)), but he must also show that his motion to set aside the judgment was timely, and that he has a meritorious defense to the action.

667 P.2d at 1055–56 (plurality opinion) (footnotes omitted).

The lead opinion in *Musselman*, authored by Chief Justice Hall and joined by Justice Oaks, held, " 'A meritorious defense is one which sets forth specific and sufficiently detailed facts which, if proven, would have resulted in a judgment different from the one entered.' " *Id.* at 1057 (plurality opinion) (quoting *Lopez v. Reserve Ins. Co.*, 525 P.2d 1204, 1206 (Colo.Ct.App.1974)). By this standard, a "[d]efendant must ... do more than merely dispute or deny the truth of [the] plaintiff's allegations; he must set forth specific facts showing meritorious defenses to those allegations in order to have the default judgment set aside." *Id.* at 1057–58 (plurality opinion). In other words, a defendant must prove its proposed defenses before it is eligible to have a default judgment vacated. *Id.* (plurality opinion); *see also id.* at 1059–60 (Durham, J., dissenting). This standard would place a high burden on a defendant otherwise eligible for relief under rule 60(b).

However, the standard set forth in the lead opinion was limited to the extent joined by Justice Howe's concurring opinion. Justice Howe agreed with the lead opinion that the trial court properly denied the defendant's motion to set aside the default judgment, but also agreed that the dissent's definition of meritorious defense was the correct one. *Id.* at 1058 (Howe, J., concurring). Specifically, Justice Howe "agree[d] with the dissent that the Court should only examine the defendant's proposed answer and determine whether as a matter of law it contains a defense which is entitled to be tried." *Id.* Because Justice Howe's concurring vote pro-

vided the majority holding in *Musselman*, his concurring opinion limits the scope of the plurality opinion.

■ A defense is sufficiently meritorious to have a default judgment set aside if it is entitled to be tried. "Once timeliness and a basis for relief under Rule 60(b) of the Utah Rules of Civil Procedure have been established, the sole issue is whether, *as a matter of law*, a defendant's proposed Answer contains a defense which is entitled to be tried." *Id.* at 1059 (Durham, J., dissenting); *see also Downey State Bank v. Major–Blakeney Corp.*, 545 P.2d 507, 510 (Utah 1976) ("[O]ne who seeks to vacate a default judgment must proffer some defense of at least sufficient ostensible merit as would justify a trial of the issue thus raised.").

The trial court found that Schenkers' motion to set aside default was timely filed and that its failure to respond was due to excusable neglect. With these two requirements satisfied, there is a restoration of the status quo ante. The sole issue in this case is whether Schenkers' proposed answer contains a defense which is entitled to be tried. We conclude that it does. Schenkers made several general denials in the answer to specific allegations set forth in the complaint. For example, Schenkers denied the allegation that it violated its duty by failing to inform Erickson that the product was not picked up by the manufacturer and was in imminent danger of confiscation. Schenkers also denied Erickson's allegation that it was tardy in collecting its bill and in failing to provide any documentation of an attempt to collect the freight from Wong B. Industries. Schenkers further denied the allegation that Erickson is entitled to judgment against it for $57,689.94 plus interest because of Schenkers' negligent conduct.[1] These general denials, if proven at trial, would preclude recovery by Erickson and are therefore suffi-

cient to satisfy the meritorious defense requirement.[2]

■ Generally, courts should be liberal in granting relief against default judgments so that cases may be tried on the merits. However, that policy must be weighed against the purpose of the meritorious defense rule, which is "to prevent the necessity of judicial review of questions which, on the face of the pleadings, are frivolous." *Musselman*, 667 P.2d at 1060 (Durham, J., dissenting). A central issue in this case is whether Erickson's loss is due to the neglect of Erickson or Schenkers. Erickson claims that the $57,689.94 loss was caused by Schenkers' negligence. In its proposed answer, Schenkers denied that the loss was caused by its negligence. The question here is not frivolous. The parties present a genuine issue of material fact to be resolved by the trial court. Schenkers has met the requirements of rule 60(b) of the Utah Rules of Civil Procedure and has met the additional meritorious defense requirement set forth in *Musselman*. Therefore, we vacate the default judgment entered against Schenkers and remand for a trial on the merits.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.

---

1. Schenkers also set forth several affirmative defenses in its proposed answer. For example, Schenkers alleged that Erickson's loss was caused by its own negligence. Schenkers set forth the affirmative defenses of laches, estoppel, and waiver. These defenses are entitled to be tried and thus also satisfy the meritorious defense requirement for setting aside a default judgment.

2. Because we hold that a general denial such as the one offered in this case is sufficient to meet the meritorious defense requirement, it is unnecessary to reach Schenkers' claim that the requirement is unconstitutional. It is also unnecessary to consider Schenkers' claim that the amount of the default judgment exceeded the amount requested in the complaint.