[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: INJUNCTION
This is injunctive an action brought by the town of Hartland against defendants Mark Sevetz and Melanie Sottile, the owners and occupiers of the premises within that town known as 30 Walnut Hill Road, East Hartland. The town alleges that the defendants have obstructed an intermittent watercourse without a permit from the Wetlands Commission of the Town of Hartland.
The owners filed a motion for summary judgment alleging that there is not an intermittent watercourse passing through any portion of their property. The Town of Hartland filed a cross motion for summary judgment.
The court issued a Memorandum of Decision on these matters on January 12, 2001. The court's finding of facts in that decision are incorporated by reference into this decision. In the earlier decision, the court granted the Town of Hartland's motion for summary judgment, but stayed its effective date subject to the court's review of whether there is a condition precedent that the commission's decision in this case should have had publication in a newspaper having circulation in the Town of Hartland. The court finds that such publication is necessary under § 14.3(a) of the Wetlands Regulations of the Town of Hartland.
Nevertheless, that same section also provides that the original order is still in effect. The decision granting the Town of Hartland's motion for summary judgment is hereby vacated without prejudice. The decision should be published pursuant to § 14.3(a) of the regulations.
On June 22, 2001, the court received evidence on this matter again. The evidence is significant for two reasons. First, it again supports the court's finding that the owners willfully refused to receive notice of this matter and, second, that any future claim by them for any mitigation of any penalties to be imposed should be tempered by their knowing, willful, intentional and egregious conduct throughout these proceedings.
At the second hearing the chairman of the commission, Mr. Bill Emerick presented two certified letters that were sent to the defendants. The defendants receive mail at a mailbox at the subject premises. Both came back "unclaimed." Emerick also testified that he read the cease and desist order to Mark Sevetz at the January 6, 1999 commission meeting. CT Page 10277 The latter action is also reflected in the minutes of that meeting.
The commission's heightened frustration with the defendants is understandable. This is particularly true when one considers that the owner Mark Sevetz was a wetlands enforcement officer for approximately five years and is well aware of not only enforcement procedures but the societal interest in preserving our environment.
The town of Hartland nevertheless made its best effort to insure that the owners received notice. Constable Roy Fisher, badge and all, brought the notice to the defendant's home. The owner Melanie Sottile exited the house on that property with her German Shepherd and she refused to accept the letter from Constable Fisher. Apprehensive, Fisher left the notice on the front seat of the car Sottile was driving and then left the premises.
Sottile testified at the hearing. She was about as incredible a witness as this court has ever heard. She could not recall what happened to the notice on the front seat of her car! She did not know why she refused to accept the notice! (Other than perhaps that her husband, Mark Sevetz, told her not to.) For reasons that are perplexing to the court, the Town of Hartland never called Mark Sevetz to the stand! Accordingly, the court again finds that the owners had notice for purposes of res judicata.
"Ducking" notice is not supportive of a claim that one did not receive notice. In Wood v. Weenig, 736 P.2d 1053, 1054 (Utah App. 1987), a daughter refused to open the door to accept services and stated that she had been instructed by her father not to accept any legal papers. The court found that the constables leaving the legal papers on the premises constituted valid service of those papers. That court further noted that "service should not become a "degrading game of wiles and tricks' nor should a defendant be able to defeat service by refusing to accept the papers or instructing others . . . also to reject service." Id., 1055.
Connecticut case law seems to be in accord. In Kibbe v. Johnson,
Superior Court, judicial district of Tolland at Rockville, Docket No. 68886 (May 27, 1999, Klaczak, J.), a defendant moved to dismiss an action against him because there was no in hand or place of abode service. While there was no such service, the plaintiff argues that the defedant deliberately evaded service and, in fact, had actual notice. The court denied the motion to dismiss. See also Veterans Memorial Medical Centerv. Hanson, Superior Court, judicial district of New Haven at Meriden, Docket No. 247019 (Nov. 23, 1994, Silbert, J.); Plonski v. Halloran,36 Conn. Sup. 335 (1980).
By the Court, CT Page 10278
Gill, J.