Peter S. **RAZATOS**, Plaintiff,

v.

The **COLORADO SUPREME COURT**, P.V. Hodges, R.B. Lee, W.H. Erickson, L.D. Rovira, G.E. Lohr, J.E. Dubofsky, and J.R. Quinn, in their capacities as Justices of the Colorado Supreme Court, Defendants.

Civ. A. No. 82–Z–632.

United States District Court, D. Colorado.

Oct. 21, 1982.

Albert T. Frantz, Lakewood, Colo., and Jonathon B. Chase, South Royalton, Vt., and Erick K. Furedy, Denver, Colo., for plaintiff.

Jill A. Gross, Asst. Atty. Gen., Gen. Legal Services Section, Denver, Colo., for defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WEINSHIENK, District Judge.

This case is brought pursuant to 42 U.S.C. § 1983. Plaintiff, a licensed attorney suspended from practice, is seeking a declara-

tory judgment that Colo.R.Civ.P. 252 [1] violates the due process clause of the Fourteenth Amendment of the United States Constitution. He also seeks an injunction prohibiting the defendants from continuing the suspension of his license.

### 1. Rule 252. Proceedings Before the Supreme Court

A. Caption. All disciplinary proceedings filed in the Supreme Court as herein provided shall be conducted in the name of the People of the State of Colorado and shall be prosecuted by the Attorney General of the State of Colorado.

In cases where the Hearings Panel has recommended discipline, it shall promptly file with the Clerk of the Court two copies of its report, findings, and recommendations; thereupon the matter shall be docketed by the Clerk as:

IN THE SUPREME COURT

| | | |
|---|---|---|
| THE PEOPLE OF THE | ) | |
| STATE OF COLORADO) | | No. . . . . . . . . . . . . . |
| | ) | ORIGINAL PROCEEDINGS IN |
| vs. | ) | DISCIPLINE |
| | ) | |
| . . . . . . . . . . . . . . . . . . . | ) | |
| Attorney Respondent | ) | |

The copy of the complaint previously filed together with the respondent's answer, the report, findings, and recommendations of the Hearings Panel, shall constitute the record in the case.

B. Citation—Exceptions Thereto—Acceptance. (1) Upon the docketing of said case in the Supreme Court as above provided, the Clerk shall issue a citation directing the respondent to appear within ten days and file his exceptions to said report, or his election not to do so as hereinafter provided. A copy of said report and citation shall be served on the respondent and proof thereof made in the manner as provided by Rule 248, supra.

(2) The respondent attorney shall, within ten days after acceptance of service, or service upon him of a copy of said citation and report, file with the Clerk of this Court five copies of:

(a) A statement that he does not wish to file exceptions to said report, findings, and recommendations; or

(b) His exceptions to said report, which exceptions shall, within thirty days thereafter, be supplemented by filing with the Court such portions of the Hearings Panel's records or the reporter's transcript as he may deem necessary to enable the Court to pass upon his exceptions. Requests for extension of time to obtain and file the transcript may be granted for cause shown.

(3) Upon failure of the respondent to file within ten days a statement or exceptions, the Court shall proceed to consider the recommendations of the Hearings Panel and may impose discipline in accordance therewith or such oth-

Plaintiff's license was suspended by the defendants on June 22, 1981. The charges leading to the suspension were first heard by the three-member Hearing Committee, which recommended the three-year suspension. The findings and recommendation of

er discipline as it may deem proper and just. If the circumstances warrant, the Court may issue a citation for contempt, directing the respondent to show cause why he should not be adjudged in contempt and punished for failure to file a statement or exceptions as above provided.

(4) If the respondent attorney elects to file no exceptions, the Court shall fix a time and place for respondent's appearance for imposition of such discipline as the Court shall deem proper. The Clerk shall notify the attorney by registered or certified mail of the time and place of his appearance and the purpose thereof. The respondent shall appear in person and may be accompanied by counsel. Thereupon the Court shall impose such discipline as may be deemed proper and just.

(5) If the respondent files exceptions as above provided, the Attorney General shall, within ten days after the respondent has filed such portions of the record or transcript as he deems necessary, lodge with the Clerk such additional parts of the Hearings Panel's records and the reporter's transcript as the Attorney General deems necessary to enable the Court to pass upon such exceptions.

On the completion of the record as above provided, the respondent attorney shall have ten days within which to file a brief, the Attorney General shall have ten days after receipt of respondent's brief in which to file an answer brief, and the respondent shall have five days after receipt of the brief of the Attorney General to file a reply brief. Fifteen copies of each brief shall be filed. It may be typewritten, photocopied, or mimeographed.

The Clerk of the Supreme Court, on request of the respondent, shall give to him an estimate of the cost of the original transcript of the record, or such portion thereof as he may designate, and on deposit with the Clerk of the Supreme Court of the estimated cost thereof, the Clerk of the Supreme Court shall promptly certify to the Court the record or parts thereof so designated.

(6) The matter shall stand submitted upon the filing of the briefs as above provided or upon the failure of either the respondent attorney or Attorney General to file their briefs within the time provided, unless such time is extended by the Court, and the matter shall be promptly determined by the Court by an order imposing discipline or dismissing the complaint.

the Committee were referred to the nine-member Hearing Panel, three of the members of the Panel being members of the Committee. The Panel approved the findings of the Committee, and drafted a report which was adopted by the defendants. The plaintiff's petition for rehearing was denied, and he appealed to the United States Supreme Court, which dismissed the appeal. *Razatos v. People, appeal dismissed,* 455 U.S. 930, 102 S.Ct. 1415, 71 L.Ed.2d 639 (1982).

The case is now before this court on defendants' Motion to Dismiss and on plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. The issues have been extensively briefed by both sides and the Court is prepared to rule on these Motions. In his Motion for Summary Judgment, plaintiff asserts that there are no genuine issues of fact and that he is entitled to judgment as a matter of law. He claims that Colo.R.Civ.P. 252, which controls attorney discipline proceedings, constitutes a denial of due process because the final arbiters of fact, the Justices of the Colorado Supreme Court, do not personally hear the testimony of the accused attorney or other witnesses.

In support of their Motion to Dismiss, the defendants put forward three grounds: (1) that the Court lacks original jurisdiction since the only forum for review of decisions of the Colorado Supreme Court is the United States Supreme Court; (2) that the Court lacks subject matter jurisdiction because the plaintiff has failed to raise a federal question; and (3) that the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff argues that he is not attacking the constitutionality of Rule 252 as applied in his particular case, but is attacking the constitutionality of the rule as a whole. He asserts that this raises a federal question which was not decided by the United States Supreme Court in denying his appeal.

The Tenth Circuit in *Doe v. Pringle,* 550 F.2d 596 (10th Cir.1976), addressed a similar claim by a plaintiff who claimed that the denial of his admission to the Colorado Bar was a violation of due process. The court

in *Doe* drew the distinction between attacking a rule as applied to a particular plaintiff and attacking the rule itself. The plaintiff in the instant case attempts to rely on this distinction, urging that he is attacking the rule, rather than the Colorado Supreme Court's action pursuant to the rule in his particular case. The Court finds plaintiff's distinction to be unpersuasive because, as the court in *Doe* also found, plaintiff's action here is "in essence, an attempt ... to seek review in inferior federal courts of the *entire* state proceedings, including the order of the Colorado Supreme Court .... That function is one reserved exclusively to the United States Supreme Court." 550 F.2d at 599. Plaintiff took his claim of due process violation to the United States Supreme Court and his appeal was denied. Now, he attempts to bring a similar action in the United States District Court by wording his claim as an attack on the rule rather than its application to him. In substance, he continues to appeal his suspension from the practice of law, and this he cannot do.

Even if the claim is properly before the Court on the grounds that it attacks the constitutionality of Rule 252 rather than Rule 252 as applied to the plaintiff, the Court finds the case of *Mildner v. Gulotta,* 405 F.Supp. 182 (E.D.N.Y.1975), *aff'd,* 406 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1975), to be persuasive in considering plaintiff's claim. In *Mildner,* the New York procedures for attorney discipline were attacked as being a denial of due process for the same reason that plaintiff here attacks Rule 252. In both the New York and the Colorado disciplinary proceedings, the body making the final decision does not hear live testimony. The court in *Mildner* held that it is *not* "constitutionally required that the ... final arbiter of the facts have personally heard the accused attorneys or other witnesses ...." 405 F.Supp. at 195. It should be noted that *Mildner* was cited with approval in *Doe v. Pringle, supra,* as a case which reflects "a pronounced restriction of subject matter jurisdiction in the federal courts" in 42 U.S.C. § 1983 actions. 550 F.2d at 600. Therefore, even if plaintiff has framed his claim so that it raises a federal question, this Court agrees with the

New York court and concludes that Rule 252 does not constitute a denial of due process.

■ Because original and exclusive jurisdiction over the discipline of attorneys lies with the Colorado Supreme Court, the United States Supreme Court being the sole forum for review, this Court does not have original jurisdiction over plaintiff's claim. In addition, plaintiff's assertion that he is raising a federal question is not persuasive, and, therefore, this Court does not have subject matter jurisdiction. Furthermore, Colo.R.Civ.P. 252 does not violate due process. For all of these reasons, it is

ORDERED that defendants' Motion to Dismiss is granted and that plaintiff's Motion for Summary Judgment is denied. It is

FURTHER ORDERED, in view of the above ruling, that Defendants' Cross Motion for Summary Judgment and Memorandum in Support Thereof and in Opposition to Plaintiff's Summary Judgment Motion and Memorandum, filed on October 19, 1982, is moot. It is

FURTHER ORDERED that the Complaint, Amended Complaint, and the cause of action are dismissed with prejudice, the parties to pay their own costs.