Gary FACIO, Plaintiff,

v.

The Hon. Maurice JONES, and Collection Management Agency, Inc., Defendants.

Civ. No. 88–C–965G.

United States District Court, D. Utah, C.D.

May 25, 1989.

Brian M. Barnard, Salt Lake City, Utah, for Gary Facio.

Carlie Christensen, Salt Lake City, Utah, for Hon. Maurice Jones.

Ralph C. Amott, Orem, Utah, for Collection Management Agency, Inc.

J. THOMAS GREENE, District Judge.

This matter came on for hearing on December 19, 1988, on cross motions by the plaintiff and defendant Jones for summary judgment, and on the plaintiff's motion for judgment on the pleadings. Plaintiff Gary Facio was represented by Brian M. Barnard, defendant the Honorable Maurice Jones was represented by Carlie Christensen, and defendant Collection Management

Agency was represented by Ralph C. Amott. Legal memoranda were submitted on behalf of all parties. Counsel argued the motions extensively, after which the matter was taken under advisement. The court now being fully advised, sets forth its Memorandum Decision and Order.

## FACTUAL BACKGROUND

On March 17, 1988, plaintiff Gary Facio wrote and issued a check in the amount of $8.71 to a Salt Lake City eating establishment known as HIRES. Subsequently, the check was dishonored for insufficient funds by plaintiff's bank and returned to HIRES unpaid. On or about April 15, 1988, after receiving notice that the check was not paid, plaintiff mailed a money order in the amount of $10.00 to HIRES to cover the check and to help defray any additional costs. On April 29, 1988, defendant Collection Management Agency, Inc., commenced a civil action, on behalf of HIRES, against the plaintiff in the Third Circuit Court, Salt Lake County, Sandy department, for collection of the dishonored check. Facio was properly served with a Summons and Complaint on May 6, 1988, but believing the matter had been handled with the money order, failed to file an Answer. On June 2, 1988, a default was taken in the Third Circuit Court, and on June 9, 1988 default judgment was entered against him in the amount of $190.46.

Pursuant to Utah Rules of Civil Procedure 55(c) and 60(b), a Motion to Set Aside the Default Judgment was filed on August 23, 1988, in the Third Circuit Court. On September 22, 1988, a hearing was held in the Third Circuit Court on Facio's Motion to Set Aside the Default Judgment. The Honorable Maurice Jones, in accordance with pronouncements of the Supreme Court of Utah, denied the Motion on the basis that Facio failed to offer proof of a meritorious defense. On September 28, 1988, a Satisfaction of Judgment was entered in Third Circuit Court by Collection Management Agency. However, the Satisfaction of Judgment was facilitated by reason of garnishment against Facio's wages and on his bank account.

Plaintiff Facio seeks declaratory relief under 42 U.S.C. § 1983 [1] for deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution. Specifically, plaintiff contends that Judge Jones' application of Utah Rules of Civil Procedure 55(c) [2] and 60(b) [3] is unconstitutional to the

---

**1.** Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983 (1982).

**2.** (c) **Setting aside default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
Utah R.Civ.P. 55(c).

**3.** (b) **Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the follow-

ing reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than 3 months after the judgment, order, or proceeding was entered or taken. A motion under this Subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud

extent that a defendant is required to offer proof of a meritorious defense when seeking to set aside a default judgment. By pendent claim, plaintiff challenges the validity of the default and default judgment entered against him. Defendant Judge Jones contends that this court lacks subject matter jurisdiction over plaintiff's claims, that the claims are moot, that his application of Rules 55(c) and 60(b) in accordance with precedent established by the Supreme Court of Utah is constitutional, and that in any event he is immune from suit as a matter of law. The parties have filed cross motions for summary judgment.

## LEGAL ANALYSIS

The Utah Supreme Court in effect has promulgated a court rule that under Rules 55(c) and 60(b) of the Utah Rules of Civil Procedure a defendant must offer proof of a meritorious defense to an action before a default judgment can be set aside. *State of Utah Dept. of Social Services v. Musselman,* 667 P.2d 1053, 1055–56 (Utah 1983); *Mason v. Mason,* 597 P.2d 1322, 1323 (Utah 1979); *Downey State Bank v. Major–Blakeney Corp.,* 545 P.2d 507, 510 (Utah 1976). In its most recent pronouncement in *Musselman,* the court stated:

> In order for defendant to be relieved from the default judgment, he must not only show that the judgment was entered against him through excusable neglect (or any other reason specified in Rule 60(b)), but he must also show that his motion to set aside the judgment was timely, and that he has a meritorious defense to the action.
>
> Notwithstanding defendant's showing of timeliness and excusable neglect, unless he can show "some defense of at least ostensible merit as would justify a trial

of the issue thus raised," his motion to set aside cannot justifiably be granted. *Musselman,* 667 P.2d 1055–56 (quoting *Downey State Bank,* 545 P.2d at 510) (footnotes omitted). The rationale for requiring the showing of a meritorious defense before a default judgment is set aside appears to be that in terms of judicial economy courts should not be occupied with cases that can be disposed of summarily where no meritorious defense to the claim exists. In this case Judge Jones simply followed the precedents established by the Utah Supreme Court.

### Subject Matter Jurisdiction of Declaratory Judgment Action

Defendants contend that this court lacks subject matter jurisdiction because of lack of jurisdiction to review decisions of state courts. It is urged that in order to assess the constitutionality of his application of Rules 55(c) and 60(b) in this case, this court will be required to review Judge Jones' decision.

It is clearly established law that the Supreme Court has the exclusive power to review state court decisions.[4] However, federal trial courts can adjudicate civil rights complaints such as that brought by plaintiff without directly reviewing state court decisions.[5] The Tenth Circuit recognized this distinction in *Razatos v. Colorado Supreme Court,* 746 F.2d 1429 (10th Cir.1984), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985). Razatos was an attorney who had been suspended from practice by the Colorado Supreme Court. He brought an action in federal district court under 42 U.S.C. § 1983 seeking declaratory relief that the Colorado procedure for disciplining attorneys violat-

---

upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
Utah R.Civ.P. 60(b).

**4.** *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 296, 90 S.Ct. 1739, 1742, 1747, 26 L.Ed.2d 234 (1970).

**5.** District courts have original jurisdiction of civil actions:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States....
28 U.S.C. § 1343(a)(3) (1982).

ed the due process clause of the Fourteenth Amendment. The district court dismissed the action for lack of subject matter jurisdiction.[6] The Tenth Circuit reversed on the subject matter jurisdiction issue because of the distinction between challenging a particular state disciplinary proceeding and a general constitutional attack on state rules governing discipline. The court said that "district courts are ... required to distinguish between general challenges to state bar rules as promulgated and challenges to state court decisions in particular cases." *Id.* at 1433. The court recognized that it would be inappropriate to review a particular state court proceeding and upheld the lower court on that aspect of its ruling, stating: "[T]o the extent Razatos sought review in the district court of the judicial decision of the Colorado Supreme Court, the district court properly refused to hear his complaint." *Id.* at 1432.

The Tenth Circuit in *Razatos* concluded that Razatos' constitutional challenge was not "inextricably intertwined" with the state court decision so as to require review of the rule's application.[7] The court said: "In order to evaluate this claim, the district court need not review the decision of the Colorado Supreme Court. It need only look at Rule 252 as promulgated, and as construed by state case law." *Id.* at 1434. The same is true in the case at hand. This court is simply being asked to render a ruling on a claim for declaratory relief under 42 U.S.C. § 1983 that as promulgated and construed by Utah case law, Rules 55(c) and 60(b) of the Utah Rules of Civil Procedure deprive the plaintiff of property without due process. In those circumstances, this court is not acting as an appellate court to review a decision of the Third Circuit Court of the State of Utah.

### Pendent Claim Jurisdiction

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court stated that pendent claim jurisdiction exists "whenever there is a claim 'arising under [the] constitution' ... and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." Over time, the Supreme Court has developed a three-prong test for assessing whether a federal court should exercise jurisdiction over a pendent state claim. The test requires examination of the court's power to exercise jurisdiction, its discretion in exercising that power, and whether Congressional intent would preclude such exercise.

As to the first prong, in *United Mine Workers* the court said that federal courts must have *power* to exercise pendent jurisdiction:

> The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole.

*Id.* (footnote omitted). In this regard, a plaintiff's claim must not be "so insubstantial, implausible, foreclosed by prior decisions ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District

---

**6.** *Razatos v. Colorado Supreme Court,* 549 F.Supp. 798 (D.Colo.1982). Under the Colorado scheme, the Colorado Supreme Court makes the final factual determination as to whether an attorney should be disciplined. Razatos argued that Colorado Rule of Civil Procedure 252 as construed violated the due process clause because the final fact finders did not have an opportunity to hold a hearing and assess credibility prior to Razatos' suspension.

**7.** In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court recognized the distinction between challenging a rule as promulgated and practiced, and challenging a particular state court decision. The *Feldman* court stated:

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding ... then the District Court is in essence being called upon to review the state-court decision.

*Id.* at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16.

Court ..." *Hagans v. Lavine,* 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666–67, 94 S.Ct. 772, 776–77, 39 L.Ed.2d 73 (1974)).

With respect to the second prong, "justification [for pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants ..." *United Mine Workers,* 383 U.S. at 726, 86 S.Ct. at 1139. The court thus recognized that pendent jurisdiction is a doctrine of judicial discretion and that a trial court has discretion to exercise its power when to do otherwise would result in duplicative proceedings.

To satisfy the third prong, a trial court must examine the particular statute which confers jurisdiction over the federal claim in order to determine whether Congress intended to prevent pendent state claims. In this regard, the Supreme Court has said:

> [T]here must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has ... expressly or by implication negated" the exercise of jurisdiction over the particular nonfederal claim.

*Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978), (quoting *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976)).

In the pendent claim in this case, plaintiff asks this court to set aside the default and default judgment. The three-prong test for assessing the exercise of jurisdiction over that pendent state claim is satisfied. As to the power to exercise pendent jurisdiction, 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) authorize federal courts to entertain suits brought to redress the deprivation of rights secured by the Constitution, and it is clear that all of plaintiff's claims arose out of the same set of operative facts. Under the second prong it is manifest that refusal to exercise discretion in asserting pendent jurisdiction in this case would require duplicative proceedings which would not serve the ends of judicial economy, convenience and fairness to the litigants. Finally, under the third prong there is no reason to believe that Congress did not intend pendent state claims to be considered along with 42 U.S.C. § 1983 claims.[8]

*Mootness*

■ Defendants contend that plaintiff's claims are barred by mootness because the judgment against the plaintiff was satisfied on September 28, 1988. Under the facts of this case, however, the judgment was involuntarily satisfied and the vitality of the plaintiff's grievance continues to exist. In *Electric Railway & Motor Coach Employees v. Missouri,* 374 U.S. 74, 83 S.Ct. 1657, 10 L.Ed.2d 763 (1963), the Supreme Court addressed an analogous question. In that case, a labor dispute existed which provoked the Governor of Missouri effectively to seize a public transit business. Although the seizure was terminated after the appellant filed a jurisdictional statement with the United States Supreme Court, the court held that the claim was not moot. The court stated: "[T]he labor dispute [giving rise to the seizure] remains unresolved. There thus exists in the present case not merely the speculative possibility of invocation of the [Act under which the governor seized the business] in some future labor dispute, but the presence of an existing unresolved dispute which continues...." *Id.* at 77, 83 S.Ct. at 1659.

In the case at bar, as in *Motor Coach Employees,* an unresolved dispute exists. Here, the dispute is whether requiring the showing of a meritorious defense in order to set a default judgment aside is constitutional. Acting under the precedent of applicable Utah Supreme Court decisions, state court judges will continue to refuse to set aside default judgments in the absence of the showing of a meritorious defense. Therefore, the issue presented by plaintiff

---

**8.** Federal courts routinely take jurisdiction over pendent state claims when 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) confer jurisdiction over the federal claim. *Anderson v. Reynolds,* 342 F.Supp. 101, 110 (D.Utah 1972) *aff'd,* 476 F.2d 665 (10th Cir.1973).

in this case is not precluded by the mootness doctrine.

The Utah Supreme Court has said:

The principles that determine ... justiciability ... are the well-established rules which permit a court to litigate an issue which, although technically moot as to a particular litigant at the time of appeal, is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review....

*Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981) (citation omitted).

The matter before this court is of wide concern and affects the public interest in that citizens similarly situated are affected by the requirement that a meritorious defense must be shown to exist in order to set aside a default judgment. Furthermore, because a motion to set aside a default judgment is usually made within three months,[9] a litigant otherwise would have a very short period of time in which to bring a complaint like the one at hand. Under the circumstances, this court holds that plaintiff's claims are not moot.

*Judicial Immunity*

■ It is a well established principle in our judicial system that judges are immune from liability for their acts committed in a judicial capacity. "[A] judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir.1985) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978)). *See also Navajo Nation v. District Court for Utah County*, 624 F.Supp. 130, 136 (D.Utah 1985). The principle of judicial immunity does not apply, however, when the plaintiff simply seeks declaratory and prospective injunctive relief rather than monetary damages. That narrow exception to the doctrine of judicial immunity

applies here. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).[10] However, under the special circumstances of this case an award of attorneys fees against Judge Jones would be unjust.

*Constitutionality of the Utah Procedural Rules as Construed*

■ In *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), the Heights Medical Center sued Peralta under his guarantee of a hospital debt incurred by one of his employees. Peralta did not answer or appear and a default judgment was entered against him. The judgment was recorded, a writ of attachment was issued, and unbeknownst to Peralta his real property was sold to satisfy the judgment. Thereafter, Peralta began a bill of review proceeding to set aside the default judgment. Heights Medical Center filed a motion for summary judgment asserting that in order to have the default judgment set aside Peralta must show a meritorious defense to the action in which judgment had been entered. Peralta conceded that he did not have a meritorious defense. Heights Medical Center was granted summary judgment. On appeal to the Texas Court of Appeals, Peralta repeated his claim that requiring a meritorious defense violated the Fourteenth Amendment, but the court affirmed and held that whether or not there was proper service and notice, the showing of a meritorious defense was required in order to set aside a default judgment. On certiorari, the Supreme Court reversed and said:

The Texas court held that the default judgment must stand absent a showing of a meritorious defense to the action in which judgment was entered without proper notice to appellant, a judgment that had substantial adverse consequences to appellant. By reason of the Due Process Clause of the Fourteenth Amendment, that holding is plainly infirm.

---

9. Utah R.Civ.P. 60(b).

10. In *Pulliam*, the respondents sought to enjoin a state magistrate from requiring bond for a nonincarcerable offense. The court said: "We

conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam*, 466 U.S. at 541–42, 104 S.Ct. at 1981.

Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, "it is no answer to say that in this particular case due process of law would have led to the same result because he had no adequate defense upon the merits."

*Peralta*, 485 U.S. at ——, 108 S.Ct. at 899–900, 99 L.Ed.2d at 82 (quoting *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424, 35 S.Ct. 625, 629, 59 L.Ed. 1027 (1915)).

Defendants contend that *Peralta* is distinguishable because in that case deficiencies existed in the service of process and notice and that these defects constituted an underlying due process violation. However, if the Supreme Court had considered *Peralta* strictly to be a failed notice case, it could have decided the matter on the basis of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Mullane* is the touchstone case for the fundamental due process requirement that reasonable notice must be given. It appears that the Supreme Court went beyond *Mullane* when it decided *Peralta* by effectively holding that a procedural rule which requires the showing of a meritorious defense is unconstitutional when that requirement is imposed in addition to procedural requirements which otherwise would justify setting aside a default judgment. This court interprets *Peralta* to stand for the proposition that it is a denial of due process of law to foreclose consideration of setting aside a default judgment because of a required showing of a meritorious defense. When a default judgment otherwise should be set aside because of improper notice or for any of the grounds set forth in rules 55(c) and 60(b), such as mistake or inadvertence, to impose the additional requirement of showing the existence of a meritorious defense is to deny a defendant due process.

In addition to the philosophy expressed by the Supreme Court in *Peralta*, there are other reasons to reject a procedural requirement that default judgments cannot be vacated in the absence of a showing of the existence of a meritorious defense. In this regard, requiring a defendant to make such a showing at the time he seeks to set aside a default judgment on otherwise permissible grounds denies that defendant the right to a substantive day in court. Setting aside a default judgment is a procedural matter, and to go straight to the substantive merits on a procedural motion is unfair. All litigants are entitled to a day in court, even if it is a short one. It is contended that a defendant will suffer no real harm or prejudice by reason of the requirement because the same judgment likely would be rendered a second time anyway. However, oftentimes the course of proceedings would be substantially altered if a default judgment were vacated even though the defendant never makes a showing of a meritorious defense. For instance, if the default judgment had been set aside in this case, plaintiff may have negotiated a settlement with the Collection Agency, or paid the debt before he suffered the embarrassment of having his wages garnished. Finally, it is manifest that judicial economy is not a valid basis or reason to justify the violation of constitutional rights.

Based upon the foregoing, the promulgated procedural rule of court which imposes the showing of a meritorious defense in addition to other requirements of Rules 55(c) and 60(b) U.R.C.P. before a default judgment can be vacated, is declared to be unconstitutional as violative of the due process clause of the United States Constitution. Accordingly, plaintiff's motion for summary judgment is granted and the default judgment entered by the Third Circuit Court against plaintiff is set aside.

Counsel for plaintiff is directed to lodge with the court a form of judgment consistent with this memorandum decision and order, after compliance with local rule 13(e).