CERTIFIED CORPORATION, A HAWAII CORPORATION, FORMERLY KNOWN AS CERTIFIED GROCERS OF HAWAII, LIMITED *v.* MARKET CENTER, LIMITED, ET AL.

No. 4717.

APRIL 1, 1969.

MARUMOTO, ACTING C.J., ABE, LEVINSON, JJ., CIRCUIT JUDGE CORBETT IN PLACE OF RICHARDSON, C.J., DISQUALIFIED, AND CIRCUIT JUDGE LAURETA ASSIGNED BY REASON OF VACANCY.

This is an appeal by makers of a promissory note from a circuit court judgment in favor of payee in an action to collect the unpaid balance of principal and interest of the note, together with costs of collection as provided therein.

The note was made on February 18, 1963, and was for $30,000, payable on demand. It carried interest of 7½ per cent per year from its date and additional interest of 4½ per cent in case of makers' default. It also required the makers to pay all costs of collection, including reasonable attorney's fee, in case suit was brought to enforce its collection.

The payee, who is appellee here, made a demand for payment on October 4, 1963. Under the demand, the note was payable one month later, on November 4.

On November 1, 1963, appellants obtained a cashier's check for $21,817.77, and tendered it to appellee in settlement of the account between them. The amount of the check represented the sum of $24,208.17, which appellee's accountant stated to appellants was the amount owing on the note on that day, less the sum of $2,390.40 claimed by appellants as credit for advertising allowance and repurchase of store signs. Appellee denied that appellants were entitled to the credit claimed by them, and insisted on full payment of the note, without any deduction. Upon failure of appellants to pay the note as demanded, appellee brought this action on November 6.

The case remained pending in the circuit court without trial for more than three years, until March 1967. In the meantime, on November 30, 1966, appellants made a partial payment of $20,000 to appellee.

Upon trial, the circuit court found that the principal and interest owing on the note on November 4, 1963, was $24,078.24. However, it also found that appellants were entitled to a credit of $2,312.08. So, the net amount found

by the court to be owing by appellants to appellee on that day was $21,766.16, or $51.61 less than the amount of the cashier's check tendered by the former to the latter three days before. Nevertheless, the court ruled that appellants' tender was not sufficient either to stop further accrual of interest or to cut off liability for costs of collection, and entered a judgment which included interest after the due date of the note, court costs, and attorney's fee. The question for decision here is whether the inclusion of those items in the judgment was proper.

We hold that the circuit court properly included interest, court costs, and attorney's fee in the judgment.

A tender of payment of an obligation before an action is brought for its collection will stop further accrual of interest and cut off liability for costs of collection, if the tender is for the full amount of the obligation, is without deduction for any claim asserted by the debtor but denied or disputed by the creditor, and is not coupled with any condition which precludes the creditor from contesting the debtor's claim. *River Valley Cartage Co.* v. *Hawkeye-Security Insurance Co.,* 17 Ill. 2d 242, 161 N.E.2d 101 (1959); *Margolis* v. *Wittman,* 169 N.Y.S. 573 (1918); *Greenhill* v. *Hunton,* 69 S.W. 440 (Tex. Civ. App. 1902).

Appellants' tender of November 1, 1963, was not an unconditional tender of the full amount owing on the note on that day. In deducting $2,390.40 in the tender, appellants, in effect, made a compromise offer on their claim, for the full amount of their claim was $2,939.97, as stated in their counterclaim to appellee's action. If appellee had accepted the tender, it would be deemed to have acquiesced in the compromise offer, and would have been precluded from contesting appellants' claim. Appellee was entitled to contest the claim.

Although the circuit court ruled correctly on the question of tender, we reverse the judgment, and remand the

case solely for the purpose of entering an amended judgment, for the court committed an obvious error in calculating the amount of the judgment. The judgment was entered on August 25, 1967, and was for $15,867.45, of which $9,074.35 was interest, $117 was court costs, and $2,725 was attorney's fee. The amount of the judgment on the date of its entry should have been $13,494.18, calculated as follows:

| | |
|---|---:|
| Owing on note, November 4, 1963 | $21,766.16 |
| 12% interest on $21,766.16, November 5, 1963, to November 30, 1966 | 8,024.45 |
| | $29,790.61 |
| Paid on November 30, 1966 | 20,000.00 |
| Owing on note, November 30, 1966 | $ 9,790.61 |
| 12% interest on $9,790.61, December 1, 1966, to August 24, 1967 | 861.57 |
| Owing on note, August 25, 1967 | $10,652.18 |
| Costs of court | 117.00 |
| Attorney's fee | 2,725.00 |
| Amount of judgment | $13,494.18 |

The error in the calculation of the amount of judgment occurred as follows: From the $20,000 payment made on November 30, 1966, the court deducted accrued interest of $8,024.45. This left $11,975.55 to be applied on principal. If that were done, the balance owing on the note would have been $21,766.16 less $11,975.55, or $9,790.61. However, instead of so applying $11,975.55, the court took that sum as the unpaid balance of the note, thus overstating the amount owing on the note by the difference between $11,975.55 and $9,790.61, or $2,184.94. This error led to a further error in arriving at the amount of interest in that the court calculated the interest on $11,975.55, instead of

$9,790.61, and thereby overstated the interest by $188.33.

Reversed and remanded to the circuit court for entry of amended judgment in the sum of $13,494.18, nunc pro tunc as of August 25, 1967.

*Robert K. Richardson* for appellants.

*Ken Harimoto* and *Wallace S. Fujiyama* (*Chuck & Fujiyama* of counsel) for appellee.