LUDWIG MICHELY, Plaintiff-Appellee, *v.* HONOLULU, LIMITED, a Hawaii Corporation, *v.* ALBERT MICHELY, Third-Party Defendant-Appellee

NO. 5857

AUGUST 5, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal by defendant-third-party plaintiff Honolulu, Ltd. (defendant), from the adverse judgment of the circuit court entered after a jury waived trial. The circuit court awarded plaintiff Ludwig Michely (plaintiff) $24,018.00 damages on his claim for the value of services rendered to and money expended for defendant's benefit from April 1971 through March 1972. It denied both defendant's claim against third-party defendant, Albert Michely (Albert), and defendant's counterclaim against the plaintiff.

The defendant filed a counterclaim against the plaintiff alleging, in essence, that the plaintiff entered into a written rental agreement; that defendant sent plaintiff a letter demanding six months' rent in arrears in the amount of $15,000.00; that there is presently due and owing to defendant by plaintiff the sum of $15,000.00 or ten per cent of the gross receipts of plaintiff's restaurant operation, whichever is greater.

The third party complaint alleged the following three counts of claims for relief:

Count I. Albert was employed by defendant as a rental agent for certain improved property at Seaside and Kuhio Avenues in Honolulu, Hawaii. Defendant was unaware of any arrangements made between plaintiff and Albert as alleged in plaintiff's suit against it, and if such arrangements were made it was done without defendant's authority;

Count II. Albert "collected rents from tenants of the property at Seaside and Kuhio Avenues from time to time pursuant to the terms of the employment agreement" and failed to turn over all the sums collected;

Count III. Defendant leased certain improved property to Albert, a portion of which is the premises in question in plaintiff's suit against defendant. Albert failed to make rent payments according to the terms of the lease. "With respect to the non-payment of rent, . . . a judgment was entered on March 24, 1971, in the District Court . . . in favor of [defendant] and against [Albert] in the amount of $22,679.60. . . . To date [Albert] has paid no portion of said judgment amount . . . to [defendant]."

The court made, *inter alia,* the following findings of fact:

1. Subsequent to March 16, 1971, Defendant and Third-Party Defendant entered into various agreements and understanding whereby the Third-Party Defendant would attempt to locate a party to lease or develop the first floor of the premises at 403 Seaside Avenue hereinafter referred to as the premises. The party leasing the premises would construct and run a restaurant on the premises.

2. Third-Party Defendant was unable to locate a suitable lessee or developer.

3. After being advised that a lessee or developer could not be found defendant inquired whether the plaintiff would be interested in the proposal of the defendant as outlined above.

4. The Plaintiff agreed to complete the work as directed by the Defendant's agent and manager, Albert Michely, the Third-Party Defendant. The Third-Party

Defendant reported back to the Defendant that the Plaintiff was interested and that he was not a contractor. The Defendant indicated to the Third-Party Defendant that he did not care whether or not the Plaintiff was a licensed contractor.

5. Subsequent to the event enumerated in Paragraph 4 above, the Third-Party Defendant as agent for the Defendant promised the Plaintiff that he would receive at least $1,000 per month for all time devoted to the construction and operation of the restaurant that was being constructed on the premises. In addition, he would be reimbursed for all monies that he contributed to the purchase of materials, equipment or inventory in the restaurant. The Plaintiff and Third-Party Defendant at Defendant's request formed a corporation for the purpose of holding a liquor license which would provide an additional incentive to entice another party to lease the entire property located at 403 Seaside Avenue and 2270 Kuhio Avenue, Honolulu, Hawaii. In order to get a liquor license Defendant issued letters directed to the Liquor Commission dated August 23, 1971 and October 4, 1971. These letters were not intended by the parties to create a bona fide lessor/lessee relationship between the Defendant and Seaside Restaurant, Inc. or the Defendant and Ludwig Michely.

6. That from approximately April 27, 1971 to on or about December 15, 1971 Plaintiff faithfully and diligently pursued the construction of the premises. That from April 1971 to on or about March 23, 1972 Plaintiff expended sums of money for the purchase of equipment to be used in the premises and additional sums of money for material to be used in refurbishing the premises.

7. During the month of April 1972 Plaintiff made demand on Defendant for the payment of the monies owed for his labor, contributions, purchases and operating expenses in running the restaurant.

8. That Defendant refused to pay the Plaintiff for the amounts demanded in Paragraph 7 above.

. . . .

14. That the value of Plaintiff's work, labor, and services performed for the benefit of the Defendant between the dates of April 16, 1971 and on or about December 15, 1971 is $9,000. That during this period of time the Plaintiff used personal funds for the payment of Defendant's expenses and the purchase of material and equipment for Defendant which was ultimately used in refurbishing the premises at 403 Seaside Avenue. The Plaintiff's personal funds expended in such a manner totalled $15,018.00.

Further, the Court made, *inter alia,* the following conclusions of law:

1. The Defendant is indebted to the Plaintiff in the sum of $24,018.00 for the work, labor and services performed by him and the personal funds expended by the Plaintiff for the benefit of the Defendant.

2. The Plaintiff was not the Defendant's tenant therefore, the Plaintiff is not indebted to the Defendant for the rent requested in the Defendant's counter claim.

3. At all times pertinent hereto in his dealings with the Plaintiff, Third-Party Defendant acted as agent of Defendant/Third-Party Plaintiff pursuant to and within the scope of authority granted to him by Defendant/Third-Party Plaintiff.

. . . .

5. Third-Party Plaintiff has failed to prove by a fair preponderance of the credible evidence adduced at trial any liability on the part of Third-Party Defendant based upon the allegations in Counts I and II of the amended Third-Party Complaint.

6. The allegations contained within Count III of the Amended Third-Party Complaint are purportedly based upon transactions occurring prior in time to and distinct from the events forming the basis of Plaintiff's claim herein, and are therefore not the proper subject of a Third-Party Complaint under Rule 14, Hawaii Rules of Civil Procedure. In addition, the cause of action which Count III of the Amended Third-Party Complaint purports to state has been reduced to judgment in the District

Court of Honolulu, City and County of Honolulu, State of Hawaii, in Assumpsit No. H70-3378.

7. Pursuant to Hawaii Revised Statutes §478-1 that Plaintiff is entitled to interest on the judgment from July 1, 1972 to date of judgment.

Defendant initially contends that plaintiff's lack of a contractor's license at the time the work was performed bars him from recovery pursuant to the provisions of HRS § 444-22 (Supp. 1975).[1] We disagree. At the time this cause of action arose HRS § 444-2(7) provided:

This chapter shall not apply to:

. . . .

(7) Any person who undertakes by himself or through his employees any operation for himself.

The evidence supports the circuit court's finding that Albert, while acting within his authority as defendant's agent, did promise to pay plaintiff for the work performed and monies expended. Such a finding, which is not clearly erroneous, sufficiently establishes an employment relationship between plaintiff and defendant. See In re 711 Motors, Inc., 56 Haw. 644, 653, 547 P.2d 1343, 1349 (1976). The existence of the employment relationship exempts both the employer and employee from the applicability of the statute where the operation is for the employer. Since HRS chapter 444 is not applicable to this case, HRS § 444-22 (Supp. 1975) is not a bar to plaintiff's action.

Defendant further contends that the circuit court erred in its conclusions of law that the plaintiff was not a tenant of defendant and that defendant is indebted to the plaintiff in the sum of $24,018.00 for the work, labor and services performed by him and the personal funds expended by the plaintiff for the benefit of the defendant is not supported by

---

[1] HRS § 444-22 (Supp. 1975) provides:

§444-22 *Civil action*. The failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a contract or on the basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work.

the evidence. A review of the record suffices to conclude that the court's finding is clearly supported by the evidence.

The court's finding is not based on mere speculation, conjecture or surmise. Thus, it will not be disturbed on appeal. HRCP Rule 52(a). *Ferreira v. Honolulu Star-Bulletin, Ltd.,* 44 Haw. 567, 356 P.2d 651 (1960); *Uyemura v. Wick,* 57 Haw. 102, 551 P.2d 171 (1976).

Finally, defendant contends that the circuit court erred in denying it judgment against Albert in the amount of $22,679.60. Defendant bases its claim on a March 24, 1971 district court judgment of the same amount against Albert for his failure to pay rent under a lease of properties from defendant.

Though impliedly finding the first two counts of the third-party complaint proper for the purposes of Rule 14(a), HRCP,[2] the circuit court denied Count III in its conclusion of law No. 6, stating in relevant part:

> The allegations contained within Count III of the Amended Third-Party Complaint are purportedly based upon transactions occurring prior in time to and distinct from the events forming the basis of Plaintiff's claim herein, and are therefore not the proper subject of a Third-Party Complaint under Rule 14, Hawaii Rules of Civil Procedure. . . .

The court's reliance on Rule 14(a), HRCP, is misplaced. Rule 14 delineates the standards and procedure through

---

[2] The rule in relevant part provides:
Rule 14. THIRD-PARTY PRACTICE.
(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. . . . Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

which a third-party can be joined to an action. However, once a party is properly joined under the rule, the third-party plaintiff is allowed to join as many claims as he has against the third-party defendant under Rule 18(a), HRCP.

The relevant part of Rule 18(a) provides:

(a) *Joinder of Claims.* A party asserting a claim to relief as . . . [a] third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

The cases construing the substantially identical federal rules[3] make this clear. *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62 (3d Cir. 1971); *Crompton-Richmond Co., Inc., Factors v. United States*, 273 F. Supp. 219 (S.D.N.Y. 1967). Given the propriety of the first two counts of the Amended Third-Party Complaint, it is clear Rule 18(a), HRCP, allows the joinder of Count III.

Substantively, an action on a judgment is proper. *Harrison v. Magoon*, 13 Haw. 339 (1901); *Wilder v. Colburn*, 21 Haw. 701 (1913). Count III alleged the specifics upon which the judgment was based and the third-party defendant's failure to pay any portion of the judgment or interest. The third-party defendant admitted to the existence of the judgment but denied the allegation of his failure to pay. However, he failed to affirmatively plead payment as a defense. No further proceedings on Count III is reflected in the record.

The record below is not helpful to this court in reaching any particular resolve herein other than as expressed in this opinion. At best the record below is ambiguous. We see the following problems herein requiring further proceedings below, to wit:

1. Third-party defendant's failure to plead as an affirmative defense the payment of the district court judgment. *See* HRCP Rule 8(c); *Federal Deposit Insurance Corporation v. Siraco*, 174 F.2d 360 (2d Cir. 1949).

---

[3] Federal Rules of Civil Procedure, Rules 14(a) and 18(a), 28 U.S.C.A.

2. Whether third-party defendant should be allowed to amend his answer. *See* HRCP Rule 15(a); Wright and Miller, Federal Practice and Procedure, Civil § 1278.

3. If amendment is allowed by the trial court, a complete trial is necessitated below regarding the third count in question.

We mention issue numbered one above though it was not raised on appeal by appellant. *See Greene v. Texiera,* 54 Haw. 231, 505 P.2d 1169 (1973).

We affirm the circuit court's judgment for plaintiff Ludwig Michely for the aforementioned reasons. However, we reverse that part of the judgment on the third-party complaint, relating to Count III thereof, and remand for further proceedings consistent herewith.

*Howard K. Hoddick (Anthony, Hoddick, Reinwald & O'Connor* of counsel) for defendant, third-party plaintiff-appellant.

*Edward J. Bybee (Rother, Grimes & Bybee* of counsel) for plaintiff-appellee.

*Timothy Holzer* for third-party defendant-appellee.