990 P.2d 107

**Richard Sung Hong WONG, Oswald Kofoad Stender, Marion Mae Lokelani Lindsey, Gerard Aulama Jervis, and Henry Haalilio Peters, Trustees of Kamehameha Schools Bishop Estate, Plaintiffs–Appellees,**

v.

**GENERAL TELCOURIER, INC., and Does 1–10, Defendant–Appellant.**

No. 21968.

Intermediate Court of Appeals of Hawai'i.

Nov. 17, 1999.

---

Ted N. Petit and Varkey L. James (Case, Bigelow & Lombardi) on the briefs, Honolulu, for Defendant–Appellant.

C. Michael Hare, Dennis W. Chong Kee, and Theodore D.C. Young (Cades, Schutte, Fleming & Wright) on the briefs, Honolulu, for Plaintiffs–Appellees.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant General Telcourier, Inc. (GTI), appeals the district court's September 1, 1998 Judgment in favor of Plaintiffs–Appellees Richard S.H. Wong, Oswald K. Stender, Marion M.L. Lindsey, Gerard A. Jervis, and Henry H. Peters, Trustees of the Kamehameha Schools Bernice Pauahi Bishop Estate (KSBE) granting KSBE's motion for summary judgment and awarding KSBE an amount of $24,990.05. We affirm.

In this opinion, we decide that (a) the circuit court's order confirming the decision of a panel of three appraisers determining the annual gross rent due from the licensee to the licensor for a prior five-year term of the License Agreement is a judgment; and (b) the licensor is authorized to sue the licensee on that judgment for the net amount of the rent actually due for that prior five-year term in any court that has relevant subject matter jurisdiction.

In this opinion, we apply the following rules of law:

(a) that attorney fees, interest, and costs shall not be included in computing the jurisdictional amount; and

(b) that

[a] tender of payment of an obligation before action is brought for collection will stop further accrual of interest and cut off liability for costs of collection, if the tender is for the full amount, is without deduction for any claim asserted by the debtor but denied or disputed by the creditor, and is not coupled with any condition which precludes the creditor from contesting the debtor's claim.

*Certified Corporation v. Market Center, Ltd.,* 51 Haw. 121, 123, 452 P.2d 442 (1969).

## BACKGROUND

In July 1987, KSBE and GTI entered into a License Agreement which allowed GTI to use a 10,000 square-foot parcel of land located at Kamehameha Ridge "as a communications relay site." The License Agreement provided in relevant part as follows:

1. *Term*—Five (5) year commencing July 1, 1987, with the term renewed every five (5) years for another five (5) year term unless either party provides written notice of cancellation one year prior to the renewal date.

. . . .

4. *Rent*—$3000 per annum net from July 1, 1987 to June 30, 1992, payable semi-annually in advance on the first of July 1, 1987, rent for each successive five (5) year period will be determined by mutual agreement or, if necessary by appraisal.

. . . .

11. *Appraisal*—Whenever this license provides that the rent shall be determined by appraisal, such rent shall be determined by three qualified real estate appraisers, one to be appointed by each of the parties hereto, and Kamehameha Schools/Bishop Estate and Licensee each shall promptly name one such appraiser and give written notice thereof to the other party, and in case either party shall fail so to do within ten days after such notice of the appointment of the first appraiser, the party naming the first appraiser may apply to any person then sitting as judge of the Circuit Court of the Judicial Circuit in which said premises are located for appointment of a second appraiser, and the two appraisers thus, appointed in either manner shall appoint a third appraiser, and in case of their failure [to do so] within ten days after appointment of the second appraiser, either party may have the third appraiser appointed by such judge, and the three appraisers so appointed shall proceed to determine the matter in question, and the decision of said appraisers or a majority of them shall be final, conclusive and binding on both parties hereto. Kamehameha Schools/Bishop Estate and Licensee each shall pay one-half of all proper costs and expenses of such appraisal other than attorneys' fees.

. . . .

22. *Kamehameha Schools/Bishop Estate's Cost and Expenses*—Licensee will pay to Kamehameha Schools/Bishop Estate on demand all cost and expenses including reasonable attorneys' fees incurred by Kamehameha Schools/Bishop Estate in enforcing any of the covenants herein contained, in collecting any delinquent charges payable by Licensee hereunder, or in connection with any litigation commenced by or against Licensee (other than condemnation proceedings) to which Kamehameha Schools/Bishop Estate without any fault on its part shall be made parties thereof.

Nothing in the License Agreement addresses the question of interest on delinquent payments.

Subsequently, KSBE and GTI were unable to reach an agreement on the annual rent due under the License Agreement for the five-year period from July 1, 1992 through June 30, 1997. As a result, on July 16, 1996, they agreed, pursuant to the License Agreement, to the appointment of a panel of three

real estate appraisers [1] (Appraisers) to determine the rent for the renewal term. On April 4, 1997, the Appraisers issued their decision stating that "the Appraisers, as their decision, hereby determine that, for the five (5) year option period commencing July 1, 1992, the annual license fee for the premises as described will be SIX THOUSAND DOLLARS ($6,000.00)."

On April 7, 1997, KSBE filed a Motion to Confirm Arbitration Award. The circuit court granted this motion in a written order on April 29, 1997 (Confirmation Order). Pursuant to Hawai'i Revised Statutes (HRS) § 658–12 (1993),[2] this Confirmation Order is a judgment deciding that "for the five (5) year option period commencing July 1, 1992, the annual license fee for the premises as described will be SIX THOUSAND DOLLARS ($6,000.00)." Although the Appraisers and the court did not expressly decide that the total license fee owed for the five-year option period was $30,000, we take judicial notice of that computation.

In a letter to GTI dated May 5, 1997, KSBE requested that GTI pay the following amounts:

1. License rent owed through 6/30/97: $15,718.61
   (Includes credits for rent already paid)
2. Interest owed through 5/5/97 $ 4,070.70
3. Per diem interest after 5/5/97: $ 4.37

KSBE did not inform GTI of the relevant authority, rates, dates, and numbers involved in its calculation of the interest.[3]

In response, GTI sent KSBE a check in the amount of $15,718.61 and a letter dated June 11, 1997, in which it stated as follows:

Enclosed is Check No. 12015, payable to [KSBE] in the amount of $15,718.61. This

payment should be applied to the license rent owed by [GTI] under the [License Agreement] with [KSBE], and determined through arbitration.

We disagree with your letter of May 5, 1997, concerning [KSBE]'s claim for interest. The Decision of the Appraisers dated April 4, 1997, which was the basis for the Order Granting Plaintiff's Motion to Confirm Arbitration Award in S.P. No. 93–0366 does not award any interest to [KSBE]. Accordingly, it is [GTI]'s position that interest is not due and owing.

Please prepare and file with the Circuit Court of the First Circuit in S.P. No. 93–0366 a satisfaction of arbitration award so that the public record is clear that the arbitration award has been satisfied by [GTI].

KSBE refused to accept the $15,718.61 payment from GTI. KSBE contends that it did not accept "GTI's conditional payment" because

despite demand therefor, GTI refused ... to: (i) submit any payment for the accrued interest on the principal amount owed to KSBE, and (ii) acknowledge that the $15,-718.61 check was being tendered by GTI to KSBE without prejudice to KSBE's position that it is entitled to interest on the rent owed by GTI.

Notwithstanding the implication of its statement in its June 11, 1997 letter that the $15,718.61 was being tendered by GTI in "satisfaction of [the] arbitration award[,]" GTI responds that "nowhere in the June 11, 1997 letter did GTI state that its payment of the $15,718.61 in rent was conditioned upon KSBE waiving its claim for interest."

---

1. The three appraisers were Richard A. Stellmacher, MAI, James E. Hallstrom, Jr., MAI, and Raymond A. Lesher, MAI.

2. Hawai'i Revised Statutes (HRS) § 658–12 (1993) states in relevant part: "Upon the granting of an order confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment[.]"

3. "Where the entire dispute has been submitted to arbitration, the circuit court is not authorized

to increase the arbitration award by ordering the payment of interest commencing prior to the date of the arbitration award." *Kalawaia v. AIG Hawaii Ins. Co.*, 90 Hawai'i 167, 168, 977 P.2d 175, 176 (1999). However, this rule does not apply in the situation where the entire dispute was not submitted to arbitration and the arbitration did not determine the total amount of compensation due to the petitioner. *Id.* at 175, 977 P.2d at 183.

On July 23, 1997, KSBE filed a Complaint against GTI in the district court alleging in relevant part as follows:

10. Pursuant to the License Agreement, Award and Order, GTI owes KSBE rent (for the Rent Period) in the principal amount of $15,718.61 and accrued interest thereon in the amount of $4,407.19 (as of July 21, 1997). Interest (at the legal rate) continues to accrue at the rate of $4.37 per day. . . .

. . . .

13. As a result of the foregoing, KSBE is entitled to damages in the principal amount of $15,718.61. Additionally, pursuant to Hawaii [Hawai'i] Revised Statutes § 478–2[ 4] and other relevant authorities, KSBE is entitled to accrued interest on the principal amount at the rate of 10% per annum, from the date that the rent first became due—July 1, 1992. Furthermore, pursuant to ¶ 22 of the License Agreement, KSBE is entitled to recover from GTI the reasonable attorneys' fees and costs that KSBE incurs in this action.

WHEREFORE, KSBE prays that this Court:

A. Award KSBE compensatory damages in amounts to be proven at trial, including but not limited to rent in the principal amount of $15,718.61 and accrued interest thereon (at the rate of 10% per annum) from July 1, 1992[.]

The parties filed cross-motions for summary judgment, and the district court heard both motions on May 18, 1998. At the hearing, the court orally granted KSBE's motion and denied GTI's motion. The court's written orders were filed on September 1, 1998. In addition, pursuant to KSBE's Affidavit of Counsel Re: Attorney's Fees and Costs, the court awarded KSBE a total of $3,735.44 in attorney fees. Thus, in its September 1, 1998 final judgment, the district court awarded KSBE the following amounts:

| | |
|---|---|
| Principal Amount | $15,718.61 |
| Interest "at 10% per annum (through 5/27/98)" | $ 5,482.75 |
| Attorney Fees | $ 3,735.44 |
| Costs | $ 53.25 |
| Total Judgment Amount | $24,990.05 |

4. HRS § 478–2 (1993) states in relevant part that "[w]hen there is no express written contract fix-

The district court did not specify the relevant authority, rates, dates, and numbers involved in its calculation of the interest.

GTI timely appealed on September 29, 1998.

## POINTS ON APPEAL

In this appeal, GTI argues that the district court erred by granting KSBE's motion for summary judgment because:

(1) the district court lacked jurisdiction over KSBE's claims as (a) KSBE had previously obtained a HRS § 658–12 (1993) judgment in the circuit court regarding the rent owed by GTI, and HRS § 658–14 (1993) requires that judgment be enforced only in the circuit court, and (b) KSBE sued on amounts totalling over $20,000;

(2) KSBE was not entitled to interest accruing after GTI tendered its $15,718.61 payment to KSBE; and

(3) the district court erred in awarding KSBE $3,735.44 in attorney fees.

## STANDARD OF REVIEW

"The existence of jurisdiction is a question of law that [an appellate court] review[s] de novo under the right/wrong standard." Lester v. Rapp, 85 Hawai'i 238, 241, 942 P.2d 502, 505 (1997); Waimanalo Village Residents' Corp. v. Young, 87 Hawai'i 353, 362, 956 P.2d 1285, 1294 (App.1998).

We review a trial court's grant or denial of summary judgment de novo under the same standard applied by the circuit court. Roxas v. Marcos, 89 Hawai'i 91, 116, 969 P.2d 1209, 1234 (1998) (citation omitted); Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Haw. 85, 104, 839 P.2d 10, 22 (1992) (citation omitted); see Wilson v. AIG Hawaii Ins. Co., 89 Hawai'i 45, 47, 968 P.2d 647, 649 (1998) (reviewing the district court's grant of summary judgment de novo ). "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

ing a different rate of interest, interest shall be allowed at the rate of ten per cent a year[.]"

the affidavits, if any[,] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Roxas,* 89 Hawai'i at 116, 969 P.2d at 1234 (citation omitted); *see* Hawai'i Rules of Civil Procedure Rule 56(c).

## DISCUSSION

### 1(a)

HRS § 658–14 states as follows:

**Effect of judgment.** The judgment entered in accordance with section 658–12 has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered.

■ Pursuant to HRS § 658–14, the Confirmation Order is the circuit court's judgment that the annual rent due for the five-year option period commencing July 1, 1992, is $6,000. In other words, it is the circuit court's judgment that the rent due for the five year option period is $6,000 times five. We take judicial notice that the rent due for the five-year option period is $30,000. HRS § 658–14 specifies that the Confirmation order "may be enforced, as if it had been rendered in an action in the court in which it is entered." *Michely v. Michely* specifies that "an action on a judgment is proper" 58 Haw. 257, 263, 567 P.2d 824, 828 (1977) (citations omitted). Therefore, we conclude that KSBE was authorized to sue GTI for the unpaid part of the $6,000 times five ($30,000) in any court that had relevant subject matter jurisdiction. In doing so, KSBE was subject to the provisions of HRS § 636–5 (1993) as follows:

**Action on judgment; penalty for failure to credit payments.** Whenever in any action brought on a prior judgment, the complaint fails to credit prior payments on the judgment, the defendant shall be entitled to offset against the true balance due on the judgment an amount double the amount of any such credit in addition to any other penalties by law prescribed in such circumstances unless the plaintiff shall show that the existence or amount of the credit was in bona fide dispute or that the failure to set forth the credit was inadvertent or the result of an honest mistake.

### 1(b)

KSBE elected to file a Complaint in the District Court of the First Circuit for the $15,718.61 unpaid part of the $30,000 license fee, plus the following:

Additionally, pursuant to Hawaii [Hawai'i] Revised Statutes § 478–2 and other relevant authorities, KSBE is entitled to accrued interest on the principal amount at the rate of 10% per annum, from the date that the rent first became due—July 1, 1992. Furthermore, pursuant to ¶ 22 of the License Agreement, KSBE is entitled to recover from GTI the reasonable attorneys' fees and costs that KSBE incurs in this action.

HRS § 604–5(a) (Supp.1998), which establishes the civil jurisdiction of the district courts, provides in relevant part as follows:

Except as otherwise provided, the district courts shall have jurisdiction in all civil actions, where the debt, amount, damages, or the value of the property claimed does not exceed $20,000.... Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount.

GTI contends that the district court lacked jurisdiction over KSBE's Complaint because KSBE sued for an amount totalling over $20,000. We conclude that the district court had jurisdiction.

The only relevant Hawai'i precedent is *Jen–Pac Travel Service, Inc. v. Fung Lee Kwong Co., Ltd.,* 72 Haw. 228, 228–29, 814 P.2d 393, 393 (1991), where the plaintiff sued for a principal loan amount of $3,459.60 and apparently was trying to add prejudgment interest to reach the jurisdictional amount of $5,000. The Hawai'i Supreme Court curtly decided "that since the principal amount was less than $5,000, the circuit court had no jurisdiction under HRS § 604–5(a). That section specifically provides that interest, attorney's fees and costs cannot be included in

calculating the jurisdictional amount." HRS § 605(a).

In the federal jurisdiction, 28 U.S.C. § 1332 (Supp.1998) states that the minimum jurisdictional amount required for diversity jurisdiction in the federal district courts must be calculated "exclusive of interest and costs[.]"[5] Nevertheless, federal case law includes some interest and excludes some interest.

In *Brown v. Webster,* 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895), the plaintiff sued to recover $1,200 he had paid the defendant for land that the defendant did not own, plus $4,342.40 in interest. The question was whether the amount in controversy, exclusive of interest and costs, exceeded $2,000. The United States Supreme Court answered the question in the affirmative. The court recognized "the elementary distinction between interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Id.* at 329, 15 S.Ct. 377. The court further stated that it is necessary to

> distinguish between a principal and an accessory demand. The sum of the principal demand determines the question of jurisdiction. The accessory or the interest demand cannot be computed for jurisdictional purposes. Here the entire damage claimed was the principal demand, without reference to the constituent elements entering therein.

*Id.* at 330, 15 S.Ct. 377.

This distinction was further discussed in *Brainin v. Melikian,* 396 F.2d 153, 155 (3d Cir.1968). In *Brainin,* the promisor on a note in the principal amount of $10,000.00 payable ten months after date with interest at 8% per annum filed bankruptcy proceedings. The promisee accelerated the note's payment date and sued the endorsers for $10,324.44, the principal amount of the note, plus 8% interest calculated as of the date the complaint was filed. In its decision concluding that the amount in controversy exceeded $10,000 exclusive of interest and costs, the court stated in relevant part as follows:

> [The endorser's] contention fails to draw the distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money. The former is the 'interest' which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled. The instant case involves the latter insofar as it claims interest at the rate specified in the note during the period before maturity.
>
> . . . .
>
> The cases relied on by [the endorser] are inapposite ... inasmuch as they involved situations where the interest claimed was an incident arising solely by virtue of a delay in payment.... [T]he interest claimed in the instant case involves not a charge for delay in the payment of money, but ... interest exacted as the agreed upon price for the hire of money ... insofar as it claims interest at the rate specified in the note during the period before maturity.
>
> ... [The cases cited by the endorser] afford no nourishment to his position.... They held that the 'interest' there involved was includable in computing the jurisdictional amount on the theory that such interest was not merely incidental or 'accessory' to the principal amount demanded, but was an integral part of the aggregate amount of damages claimed ... , or was itself a 'principal obligation'. Similarly, the interest claimed here for the period before the maturity of the note is also not incidental or 'accessory' to the main obligation, but an integral part of the total obligation demanded from [the endorser] by [the promisee]."

396 F.2d at 154–55 (citations omitted).

In *Kline v. Nationsbank of Va., N.A.,* 886 F.Supp. 1285, 1298 (E.D.Va.1995), a trust

---

5. The language used in 28 U.S.C. § 1332(a) regarding the jurisdiction amount for federal district courts has been substantially unchanged since 1887. *See* 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Other Related Matters* § 3712, at 273 (3d ed.1998).

remainder person sued the trustee for failing to discover the trust's ownership of real property and to collect rental income during a twenty-year period. The jurisdictional question was "whether the express exclusion of interest in 28 U.S.C. § 1332(a) refers to the interest the trust principal would have earned were it not for defendant's alleged breach." *Id.* at 1298. The court decided in relevant part as follows:

> In deciding when interest is an "essential ingredient" of the claim and can be included in the amount in controversy, courts often look to whether the interest arose solely because of delay in payment. If so, its inclusion would violate the apparent purpose of excluding interest in computing the jurisdictional amount[,] to prevent plaintiff from delaying suit until the claim, with accruing interest, exceeds the statutory minimum.
>
> Defendant cites as analogous cases holding that, in a suit to collect on bond coupons, plaintiff can include in the amount in controversy the coupons themselves, even though they represent interest, but not interest on the coupons or the bond itself accruing after their maturity. In those cases, the coupons themselves are the integral part of the claim, but interest accruing after their maturity is the result of delay in payment.
>
> ... The profits plaintiff allegedly lost here include not only the rental income from the property, but also any interest that income might have earned as a result of defendant's prudent investments. Plaintiff alleges in the Amended Complaint that "she did not receive the income from the property or the interest on such income which has accumulated since 1972." This further demonstrates that all income the trust lost as a result of defendant's alleged breach is the claim for damages, and that the rate of return the trust would have earned is an essential ingredient of that income, not an accessory demand. In addition, the calculation of that return has nothing to do with defendant's delay in paying plaintiff.
>
> Accordingly, the lost interest on the rental income plaintiff alleges should be included in calculating the amount in controversy for the purpose of diversity jurisdiction[.]

*Id.* at 1299 (citations omitted).

In our view, although jurisdictional limits should be based on bright lines, the best that can be said about the federal precedent cited above is that it is confusing.

■ In the instant case, the issue is not whether the interest may be included to reach the jurisdictional limit, but whether the interest shall be excluded so as not to exceed the jurisdictional limit. KSBE alleged in its Complaint that "GTI owes KSBE rent ... in the principal amount of $15,718.61 and accrued interest thereon in the amount of $4,407.19 (as of July 21, 1997)." The total amount for which judgment was sought was $20,185.80. In other words, KSBE sought a principal of $15,718.61, plus statutory interest on all sums from and after their due date. The question is whether the $20,000 maximum jurisdictional limit was reached. The answer is no.

■ In Hawai'i, that part of HRS § 604–5 (Supp.1998) excluding interest from the amount in controversy was added by a 1963 amendment to Revised Laws of Hawai'i § 216–4 (1955), the predecessor to HRS § 604–5. The legislative history to the 1963 amendment states, "The purpose of [the] amendment [is] to clearly show that only the principal amount sued on shall be included in computing [the amount in controversy]." Sen. Stand. Comm. Rep. No. 252, in 1963 Senate Journal, at 757. No exceptions were suggested. No distinction was made between interest imposed as a penalty for delay in payment and interest exacted as the agreed upon price for the hire of money. No distinction was made for situations where the interest is an "essential ingredient" or "integral part" of the plaintiff's principal claim, rather than a "mere accessory" demand.

In light of the plain language of HRS § 604–5, its relevant legislative history, and the Hawai'i Supreme Court's statement in *Jen–Pac Travel Serv., Inc.* that HRS § 604–5 "specifically provides that interest, attorney's fees and costs cannot be included in calculating the jurisdictional amount[,]" we conclude

that the $20,000 jurisdictional maximum was not reached in this case.[6]

### (2)

■ GTI contends that KSBE is not entitled to interest accruing after GTI tendered its $15,718.61 payment to KSBE. We disagree.

A tender of payment of an obligation before action is brought for collection will stop further accrual of interest and cut off liability for costs of collection, if the tender is for the full amount, is without deduction for any claim asserted by the debtor but denied or disputed by the creditor, and is not coupled with any condition which precludes the creditor from contesting the debtor's claim.

*Certified Corporation v. Market Center, Ltd.,* 51 Haw. 121, 123, 452 P.2d 442, 443 (1969).

■ GTI tendered payment of the principal, denied liability for interest, and requested KSBE "file with the Circuit Court ... a satisfaction of arbitration award so that the public record is clear that the arbitration award has been satisfied by [GTI]." In our view, KSBE reasonably concluded that acceptance of the $15,718.61 as offered might generate the legal duty to comply with GTI's request that "a satisfaction of arbitration award" be filed in the circuit court. In other words, there was a reasonable possibility that the tender was not unconditional.

### (3)

HRS § 607–14 limits the attorney fees it authorizes to a maximum of twenty-five percent of the judgment. GTI contends that the $15,718.61 principal and the post-June 11, 1997 interest should not have been included in the amount of the September 1, 1998 Judgment and should not have been used as a basis for computing the maximum attorney fees awardable because the $15,718.61 principal had been previously unconditionally tendered. In light of our decision in part 2(b) above, this point has no merit.

6. In the situation where the complaint only seeks

### CONCLUSION

Accordingly, we affirm the district court's September 1, 1998 Judgment.

interest, the interest is the principal.